NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0867n.06
Filed: November 29, 2006

No. 05-5789

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| ADRIAN BROOM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    KEITH, COLE, Circuit Judges; STEEH, District Judge.[*]

**DAMON J. KEITH, Circuit Judge.** Defendant, Adrian Broom, appeals his sentence of 135 months, following his plea of guilty for violation of his supervised release, one count of distribution of marijuana, and one count of possession with intent to distribute marijuana. Because we find, *inter alia*, that Broom validly waived his right to this appeal, we **GRANT** the Government's motion to dismiss and **AFFIRM** the district court's sentence.

**I.**

On October 30, 1998, Broom was sentenced to 63 months of imprisonment followed by 3 years of supervised release for possession with intent to distribute marijuana. His supervised release

_____

[*] The Honorable George C. Steeh, United States District Court for the Eastern District of Michigan, sitting by designation.

began on April 30, 2002. While on supervised release, on November 14, 2003, Broom sold a pound of marijuana to a confidential informant. He later made an attempted sale of an additional five pounds of marijuana to the same confidential informant on November 21, 2003, but was detained and arrested by state law enforcement officers. Following his arrest, Broom not only accepted responsibility for his actions, but also admitted responsibility for an additional 210 pounds of marijuana.

On January 14, 2004, Broom was arrested once more when law enforcement officers served a search warrant at a residence in Memphis, Tennessee. Officers found $8,440.00 on Broom's person, the remains of 10 vacuum pack wrappers, a 4-foot high marijuana plant, marijuana residue, grow lights, and plant food, among other drug paraphernalia. Broom admitted that he had the $8,440.00 in order to satisfy a debt he owed for previously receiving 80 pounds of marijuana.

Based on the foregoing, the United States Probation Office filed a petition to revoke Broom's supervised release on March 17, 2004. Broom was also indicted on April 6, 2004 on one count of distribution of marijuana for his conduct on November 14, 2003, and one count of possession with intent to distribute marijuana for his conduct on November 21, 2003.

On July 7, 2004, Broom entered a plea agreement, which provided, in relevant part, "Defendant hereby waives his right of appeal as to any and all issues in this case, and consents to the final disposition of this matter by the United States District Court." The Government, in turn, agreed to request an "acceptance of responsibility" reduction at Broom's sentencing hearing on the condition that "[his] conduct continues to clearly demonstrate acceptance of his personal responsibility for his offense up to the date of sentencing[.]"

At his change of plea hearing on July 8, 2004, Broom acknowledged that he had discussed and reviewed the provisions of the plea agreement, including the waiver provision, with his attorney. The district court released Broom on bond on the condition that he not commit a federal, state, or local criminal offense or travel outside the Western District of Tennessee without approval of his parole officer.

Nonetheless, on July 29, 2004, before receiving his sentence, Broom was once again caught with nine grams of marijuana when state law enforcement officers searched his truck.[1] On November 17, 2004, the Government filed a motion to revoke Broom's release on the grounds that his July 29th possession of nine grams of marijuana constituted a violation of his conditions of release. At sentencing, on May 6, 2005, the Government further argued that, since Broom's continued marijuana dealings violated the terms of his plea agreement, he was ineligible for an "acceptance of responsibility" reduction as provided under the agreement.

The district court agreed with the Government's position and sentenced Broom to the statutory maximum of five years on the distribution of marijuana count, the statutory maximum of five years on the possession with intent to distribute marijuana count, and 15 months on his supervised release violations, to run consecutively. Broom filed a timely notice of appeal. On November 4, 2005, the Government filed a motion to dismiss Broom's appeal on the ground that Broom had waived his right to appeal in his plea agreement. A motion panel of this Court referred the Government's motion to this merits panel on February 6, 2006.

---

[1]Broom later pled guilty to state charges arising from this incident.

**II.**

On appeal, Broom essentially argues that (1) the appellate waiver provision in his plea agreement is invalid and (2) his sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005). We will address each in turn.

**1. The appellate waiver provision in Broom's plea agreement is valid.**

**A. Standard of Review**

We "review[] the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).

**B. Broom's appellate waiver provision was made "knowingly and voluntarily."**

"It is well-established that any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006). To help ensure that an appellate waiver is made "knowingly and voluntarily," Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure instructs that a district "court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal . . . ." Fed. R. Crim. P. 11(b)(1)(N). Broom asserts that the appellate waiver provision in his plea agreement is invalid because it was "unknowing and unintelligent" as a result of (1) ineffective assistance from his counsel, who allegedly miscommunicated the nature of the waiver to him, and (2) the district court's failure to specifically "ask [him] whether he understood the terms of the appeal waiver," which, according to Broom, amounted to noncompliance with Rule 11(b)(1)(N).

As an initial matter, it is clear that Broom's bare assertions with respect to his attorney's miscommunication are insufficient to support a claim of ineffective assistance of counsel on direct appeal and, accordingly, must be rejected. *See, e.g.*, *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005) (explaining "our practice . . . of consistently declining to address ineffective-assistance claims on direct appeal" where the record contains "scant information" to support the claim).

Notwithstanding, we will consider Broom's contention that the district court did not comply with Rule 11(b)(1)(N) when it neglected to "ask [him] whether he understood the terms of the appeal waiver" provision. Because Broom did not assert this objection before the district court, we review his allegation for "plain error." *See United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). Attempting to meet his burden of proof under the plain error standard, Broom relies on *Murdock*, which stands for the proposition that a district court's "wholesale omission" of a Rule 11(b)(1)(N) inquiry constitutes "plain error," and thereby invalidates a defendant's waiver of appellate review. *See id.* at 499.

*Murdock*, however, is inapposite to the facts of the instant matter. Here, the district court specifically informed Broom that

> Paragraph ten [of the plea agreement] says that . . . you hereby waive your right to appeal as to any and all issues in this case and consent to the final disposition of this matter by the United States District Court. It says that you further waive any right that you may have to collaterally attack any sentence imposed in any future proceeding, including but not limited to any rights you may have under 28 U.S.C., Section 2255 and under Blakely versus Washington, a very recent Supreme Court case . . . . It says that you understand that if you pursue any collateral attack of this conviction, a sentence of such an attack will constitute a breach of the plea agreement, and you understand and agree that the United States does not waive its rights to appeal. Have you discussed all those things with your counsel?

(J.A. at 47). Broom answered, "Yes, sir." *Id.* Unlike *Murdock*, the instant record does not show that the district court committed a "wholesale omission" of a Rule 11(b)(1)(N) inquiry. Rather, we conclude that, on the basis of its colloquy with Broom, the district court met its duty under Rule 11(b)(1)(N) in "inform[ing] the defendant of, and determin[ing] that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal . . . ." Fed. R. Crim. P. 11(b)(1)(N).

Broom's argument that the district court's failure to specifically "ask [him] whether he understood the terms of the appeal waiver" constituted an impermissible error under Rule 11(b)(1)(N) is without merit. Rule 11(b)(1)(N) does not necessitate a district court to specifically ask a defendant whether he or she understands the terms of the appellate waiver provision. It only requires a court to "determine" that the defendant understands the terms of such provision. *See* Fed. R. Crim. P. 11(b)(1)(N). *Murdock*, in fact, noted that "in the absence of an inquiry into the appellate waiver [provision] by the district court as required under the rule, some other event could suffice to insure that Defendant's waiver was knowing and voluntary. . . . It might, for example, be sufficient for a defendant to assure the district court that he has reviewed the waiver provision (or, at a bare minimum, the plea agreement) with his attorney and that his attorney has explained it." *Murdock*, 398 F.3d at 497–98. This is exactly what transpired here: The district court asked Broom, "Have you discussed all those things [,including the appellate waiver provision,] with your counsel?" to which he responded, "Yes, sir." As such, we conclude that – despite not specifically asking Broom whether he understood the terms of the appellate waiver provision – the district court met its duty

under Rule 11(b)(1)(N). We, therefore, reject Broom's contention that the appellate waiver provision was made "unknowingly and unintelligently."

**C. Broom's assertion that the Government breached the plea agreement is without merit.**

Broom, nevertheless, argues that the appellate waiver provision in his plea agreement is invalid since the Government breached the agreement when it refused to ask the district court for an "acceptance of responsibility" reduction in his sentence. "In determining whether a plea agreement has been broken, courts look to 'what was reasonably understood by [the defendant] when he entered his plea of guilty.'" *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990) (citation omitted) (alteration in original).

Here, the agreement plainly provides that the acceptance of responsibility reduction was conditioned on "[Broom's] conduct continu[ing] to clearly demonstrate acceptance of his personal responsibility for his offense up to the date of sentencing . . . ." The agreement further provides that "[s]hould it be judged by the Government that [Broom] has committed . . . any additional crimes or has engaged in any conduct constituting obstructing or impeding justice . . . from the date of [Broom's] signing of this plea agreement to the date of [Broom's] sentencing . . . the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by [Broom] would not release [Broom] from this plea of guilty."

On July 29, 2004, state law enforcement officers found nine grams of marijuana in Broom's truck, and he later pled guilty to state charges stemming from this incident. Broom argues that his July 29th possession was part of his cooperation as an informant to law enforcement officers. The

Government, however, asserts that Broom's July 29th possession went beyond the scope of his cooperation and, in any case, was not authorized by law enforcement. We find that Broom's *ex post facto* assertion that his July 29th possession was part of his cooperation with authorities is insufficient to excuse his conduct. It is also notable that, despite his contention that he was cooperating with authorities, Broom later pled guilty to state charges stemming from this incident. Therefore, under his agreement, Broom's continuing illegal conduct effectively released the Government from any obligation to request an acceptance of responsibility reduction under the Guidelines, and we wholeheartedly reject Broom's argument to the contrary.[2]

**D. Broom's assertion that the appellate waiver provision must be invalidated because it exceeds the "statutory maximum" is also without merit.**

Finally, Broom argues that the appellate waiver provision in his plea agreement is invalid because the district court's sentence exceeds the "statutory maximum" provided by law. To support his argument, Broom argues that, under *United States v. Calderon*, 388 F.3d 197 (6th Cir. 2004), any sentence exceeding the "statutory maximum" provided by law invalidates an appellate waiver provision. However, *Calderon* does not stand for this proposition. In *Calderon*, we simply found that the particular appellate waiver provision provided in *that* case was conditioned on the defendants "not receiv[ing] a sentence greater than the agreed-upon maximum" between the

---

[2] It should also be noted that Broom contends that, since law enforcement continued to accept his cooperation shortly after locating the nine grams of marijuana, "the government should be estopped from arguing that [he] was not cooperating and that the cooperation agreement ended." Appellant's Reply Br. at 12. Notably, Broom cites no authority for this lofty proposition. Though law enforcement officers' continued employment of Broom as an informant after locating nine grams of marijuana in his truck may be ill-advised, we cannot find that such cooperation per se excuses his otherwise illegal conduct.

*Calderon* defendants and the Government. *Id.* at 199. No where in *Calderon* did we even mention the phrase "statutory maximum" — much less hold that *all* waivers are conditioned on defendants receiving sentences within the statutory maximum. In fact, "[i]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *See United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (citation omitted). Since Broom's appellate waiver is not conditioned upon an "agreed-upon maximum" between him and the Government, we reject Broom's analogy to *Calderon*.

**2. Because there is a clearly valid appellate waiver, we decline to address Broom's constitutional claims.**

Since we have concluded that Broom has validly waived his right to this appeal, we decline to address the merits of Broom's constitutional claims. *See Wilson*, 438 F.3d at 673-74.

**III.**

For the foregoing reasons, we **GRANT** the Government's motion to dismiss and **AFFIRM** the district court's sentence.