**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0750n.06

No. 11-5253

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 11, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| | ) | |
| DEMARCUS HAMILTON JONES, aka De-Mity, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS, ROGERS, COOK, Circuit Judges.

ROGERS, Circuit Judge. Demarcus Jones pled guilty to conspiracy to distribute and distribution of crack cocaine. He appeals both his conviction and sentence. Jones has not offered sufficient information to lead to the conclusion that his plea was not informed or voluntary. Jones's presentence report contained at least two crimes that would render him a career offender under the sentencing guidelines, and his within-guidelines sentence was substantively reasonable despite its being markedly higher than that of codefendants who cooperated with the authorities. His conviction and sentence must therefore be upheld.

I.

On June 15, 2010, Demarcus Jones was indicted along with eleven other people for a variety of drug-related charges. The indictment had 27 counts, but Jones was only named in Count 2,

conspiracy to distribute five or more grams of cocaine base, and Count 27, distribution of cocaine base. The Government filed additional indictments on August 19, 2010, and October 21, 2010. The charges against Jones remained the same, though fewer people were charged with conspiracy along with him.

Jones pled not guilty on October 29, 2010. On November 4, 2010, the Government mailed counsel for Jones a plea agreement, and on November 8, 2010, the Government filed notice pursuant to 21 U.S.C. § 851 that it would seek an enhanced statutory sentence against Jones because of two prior state drug convictions. The Government also informed counsel for Jones that guilty pleas entered by other charged individuals on November 12, 2010, meant that Jones would be re-indicted with additional drug trafficking and firearm-related charges on November 19, 2010, if he did not enter a guilty plea.

On November 16, 2010, Jones's counsel requested re-arraignment based on the plea agreement that Jones had received. At the November 18 proceeding, when the district court asked Jones if he had read the plea agreement, Jones said that he had but asked, "Do you mind . . . if I read it again?" The district court responded, "we'll let you read it again, and we'll continue this matter and call the next matter." Jones returned about an hour later, and the district court asked if the case could proceed. Counsel for Jones answered, "Yes, Your Honor, he did have some questions pending about the plea agreement. We have resolved those issues, and he is now ready to move forward with his plea." Pursuant to the agreement, Jones pled guilty to the two counts.

On December 20, 2010, Jones filed a motion to withdraw his guilty plea, which the district court denied. The district court considered seven factors that this court has developed for motions to withdraw pleas, and concluded that "the relief sought by Jones is not warranted in this case." The district court pointed out that Jones had waited over a month to file his motion and offered no reason for the delay; that Jones had not "consistently asserted or maintained his innocence;" and that Jones's professed concerns about the sufficiency of the evidence against him were belied by his testimony when entering his plea. The district court also held that the Government's holding Jones to a strict time line and allegedly threatening him with additional charges "hardly rises to a level of coercion that would justify permitting Jones to withdraw his plea." The district court noted that Jones's previous convictions made him familiar enough with the criminal justice system to understand the nature and consequences of his plea.

In the presentence report (PSR) prepared for Jones's sentencing, Jones was classified as a career offender under U.S.S.G. § 4B1.1. The PSR based this assessment on three previous state court convictions. Jones was twice convicted for cocaine trafficking by a Kentucky state court, on October 8, 1996, and on February 11, 1997. He was also convicted of attempted murder on January 13, 2004. Jones filed objections to the PSR. He contested the PSR's labeling of him as a career offender because he claimed that he did not have two prior criminal convictions that met the criteria of that section. He argued that the two drug trafficking crimes occurred only one day apart and were part of a common scheme, and so should be considered a single crime for the purposes of sentencing.

He also argued that the drug trafficking had occurred over fifteen years ago. His objections did not mention the attempted murder conviction.

The district court overruled Jones's objections at his sentencing hearing, and also issued a written order. The district court pointed out that the drug offenses were in separate indictments and the sentences were imposed on separate days, justifying their being counted separately. The district court rejected Jones's fifteen-year argument because less than fifteen years elapsed between the time at which he was released from prison for the previous offenses, and when his "conduct in the instant offense began in 2009." The district court pointed out that Jones's attempted murder conviction also could be used in determining that he was a career offender.

The district court calculated Jones's offense level as 37, and his criminal history category as 6, leading to a guidelines range of 262-327 months. The Government requested the low end of the range, saying that it was high "because of Mr. Jones's criminal history," but contesting Jones's attorney's description of Jones as having only limited involvement in the drug conspiracy. Jones requested a sentence of 120 months, the mandatory minimum. The district court noted that other individuals in the case had both higher and lower guidelines ranges than Jones, and that those with lower ranges "took advantage of the opportunity to cooperate with the government in the prosecution of others." Jones did not, and that, the district court explained, was why his sentence was so high. The district court said that had Jones cooperated, that cooperation would have been rewarded "by cutting the sentence substantially." The district court also noted Jones's "awful criminal history" as another "major reason" the range was so high.

Jones was sentenced to 262 months on both counts to be served concurrently, and eight years' supervised release. The district court determined that this sentence was "sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)." Jones timely appealed.

II.

A. Withdrawal of Plea

The district court did not abuse its discretion by denying Jones's motion to withdraw his plea. The district court considered all of the facts provided and laid out its reasoning with reference to our precedent. *See, e.g., United States v. Goddard,* 638 F.3d 490, 494 (6th Cir. 2011); *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). The district court noted, among other things, that Jones waited a month before moving to withdraw his plea and offered no reason for the delay, and that Jones had been through the justice system several times before and so could be expected to be familiar with plea proceedings. The district court also considered potential prejudice to the Government if the withdrawal were accepted. The district court considered the proper factors when it determined that Jones did not offer sufficient justification for withdrawing his plea, and nothing about the district court's analysis suggests an abuse of discretion.

The district court did not commit clear error when it concluded that the short amount of time that Jones had to consider the prudence of pleading guilty did not preclude him from being fully informed as to the ramifications of his plea. We have upheld pleas entered with less than a day to consider the agreement, so long as the defendant "ha[s] the opportunity to review his pleas before formally entering them." *See United States v. Fitzmorris*, 429 F. App'x 455, 459-60 (6th Cir. 2011);

*see also United States v. Gregory*, 41 F. App'x 785, 792 (6th Cir. 2002).  Jones had several days to consider the circumstances of his plea, and he requested additional time to reread the agreement, which was granted.  When he returned to the courtroom, his attorney said that they were ready to proceed.  Nothing on the record indicates that Jones did not consider himself informed at that point to enter his plea.  Jones offers no case law that an abbreviated amount of time to consider a plea agreement creates a presumption that it was entered improperly, and so the district court had the discretion to reject his argument.

As for Jones's argument that he was coerced because of threats by the prosecution, the Supreme Court has held that it is not inappropriate for a prosecutor to threaten a defendant with additional charges in order to convince him to sign a plea agreement.  *See United States v. Goodwin*, 457 U.S. 368, 377-78 & n.10 (1982); *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).  Jones's suggestion that the threat of new charges was vindictive or retaliatory on the part of the prosecutor finds no support in the record.  The district court's conclusion that Jones had failed to satisfy his burden of establishing a "fair and just reason" for withdrawing his plea under Fed. R. Crim. P. 11(d)(2)(B) was not an abuse of discretion.

Jones's argument that the discussion surrounding the appeal waiver provision of his agreement was insufficient to satisfy Fed. R. Crim. P. 11(b)(1)(N) is not convincing.  Jones argues that while the court confirmed that Jones had heard the prosecutor explain the waiver provision of the plea agreement, the court "did not confirm with Defendant that he understood the appeal waiver provision or that he had time to discuss this provision with his attorney."  This argument does not

appear in Jones's motion to withdraw his plea, and so we review for plain error only. *See United States v. Stewart*, 306 F.3d 295, 307 (6th Cir. 2002) (reciting standard).

The transcript indicates that the district court did repeat the details of the waiver provision and specifically asked if Jones understood the provision. The district court did not plainly err in concluding that this procedure satisfied Rule 11's directive to "inform the defendant of, and determine that the defendant understands," the waiver provision. *See* Fed. R. Crim. P. 11(b)(1)(N). We have upheld a conviction pursuant to a plea agreement under plain error review where the defendant was asked under oath whether he understood the terms of the plea agreement generally after the prosecution had summarized them, even though the appeal waiver provision was not specifically discussed. *See United States v. Sharp*, 442 F.3d 946, 949-51 (6th Cir. 2006). In *United States v. Broom*, 207 F. App'x 565, 568-69 (6th Cir. 2006), we upheld a guilty plea where the district court pointed out the appeal waiver provision and asked if Broom had discussed it with his attorney, but not whether he understood it. We explained in *Broom* that "Rule 11(b)(1)(N) does not necessitate a district court to specifically ask a defendant whether he or she understands the terms of the appellate waiver provision. It only requires a court to 'determine' that the defendant understands the terms of such provision." *Id.* In this case, the record reflects that the district court did take the requisite steps to determine that Jones had understood the appeal waiver provision, and so there can be no plain error that affected Jones's substantial rights. *See also United States v. Wilson*, 438 F.3d 672, 674-75 (6th Cir. 2006).

B. Career Offender Status

Jones's presentence report contained at least two crimes that would lead to his accurate classification as a career offender under the sentencing guidelines. His attempted murder conviction unquestionably qualifies as a "felony conviction of . . . a crime of violence" under U.S.S.G. § 4B1.1(a). The guidelines define a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 4B1.2(a)(1), and the commentary confirms that attempted murder qualifies. *See id.* § 4B1.2 cmt. n.1. Jones's only argument on appeal against counting his attempted murder conviction is that the conviction was not listed in the 21 U.S.C. § 851 notice. But § 851 addresses increases to a statutory sentence, not a guidelines calculation, and the Government ultimately decided not to seek statutory enhancements. Since Jones was sentenced under the guidelines without any statutory enhancements, § 851 had no bearing on his sentence, and so anything filed in connection with the statute is irrelevant to the district court's career offender calculation.[1]

Because the district court correctly considered Jones's attempted murder conviction a crime contributing to his career offender status, we need not reach Jones's argument that his drug convictions should be counted as a single offense. Even with one drug conviction, Jones has the two convictions necessary for career offender status under U.S.S.G. § 4B1.1(a).

---

[1] Jones's constitutional challenge to 21 U.S.C. § 851(e) is similarly irrelevant to his sentence. In addition, in *United States v. Reed*, 141 F.3d 644, 652 (6th Cir. 1998), we considered and rejected a similar constitutional argument.

Any additional argument on Jones's part as to the validity of his previous convictions must

be dismissed as an impermissible collateral attack. In *United States v. Ruvalcaba*, 627 F.3d 218,

221-22 (6th Cir. 2010), we refused to consider Ruvalcaba's argument about his prior state

convictions that were used to label him a career offender. *See also United States v. Aguilar-Diaz*,

626 F.3d 265, 269-70 (6th Cir. 2010). Because Tennessee has not declared Jones's convictions void,

the district court could consider them for sentencing purposes. *Ruvalcaba*, 627 F.3d at 222.

C. Reasonableness of Sentence

Nothing about Jones's sentence indicates that it is unreasonable. It is within the prescribed

guidelines, and the record of the sentencing proceedings and totality of the circumstances indicate

that the district court properly considered the relevant factors under 18 U.S.C. § 3553(a). *See United*

*States v. Vowell*, 516 F.3d 503, 510-11 (6th Cir. 2008) (reciting review standard). Jones's main

complaint about the sentence, the disparity between Jones's sentence and those of his codefendants,

does not demonstrate that his sentence was unreasonable. While it is true that the statute instructs

a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), this

directive is usually understood to "require[] only a national comparison, not a comparison of

codefendants in the same case." *United States v. Walls*, 546 F.3d 728, 737 n.3 (6th Cir. 2008). The

district court made note of the disparity between Jones's sentence and those of a number of his

codefendants, and attributed the disparity to Jones's criminal record and failure to cooperate. The

district court did not enhance Jones's sentence because he failed to cooperate, but rather declined

to reduce it below the suggested guidelines range. It was not an abuse of discretion to do so, and no showing has been made that the district court's actions were unconstitutional.

III.

We affirm Jones's conviction and sentence.