NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0092n.06

No. 07-2382

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 16, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID TICE, Jr., | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant David Tice, Jr. appeals from a 300-month sentence imposed by the district court upon his guilty plea to a methamphetamine conspiracy in violation of 21 U.S.C. § 846. Tice argues that the district court: (1) failed to give an adequate explanation for its sentence; (2) failed to strike from the Presentence Report all references to the murder of Brian Langdon, a witness in the case, or to inform the parties that it was not relying on those references in fashioning a sentence; and (3) unreasonably sentenced Tice at the high end of the stipulated Guidelines range based on a criminal history category of IV that substantially overstated his criminal record. Tice further contends that the appellate waiver set forth in his signed plea agreement should not be enforced.

For the following reasons, we affirm the sentence imposed by the district court.

1

No. 07-2382
*United States v. Tice*

## I.

On August 11, 2004, a grand jury indicted Tice for conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846, and two counts of distribution of less than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On February 8, 2006 a sixth superseding indictment, *inter alia*, added counts alleging that Tice and two co-defendants murdered Brian Langdon, a prospective witness in the case, in retaliation for his providing information to federal law enforcement officials regarding the conspiracy. On January 25, 2007, the government filed a notice that it would not seek the death penalty.

On May 31, 2007, pursuant to a Rule 11 plea agreement, Tice pled guilty to count one of the sixth superseding indictment, specifically the methamphetamine conspiracy. The government agreed to dismiss all of the remaining charges. In the plea agreement, the parties stipulated that there were no Sentencing Guidelines disputes and that Tice's Guidelines range was 262-327 months, as set forth on worksheets attached to the agreement. Additionally, the parties agreed that the sentence of imprisonment would be at least ten years but not exceed 300 months. The plea agreement also contained a waiver governing each party's right to appeal:

> If the sentence imposed does not exceed the maximum allowed by Part 3 above, defendant waives any right to appeal his conviction. Defendant retains his right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to sentence below the range if the sentence is unreasonable.

(DE 405, Plea Agreement at 7.)

On August 24, 2007, Tice filed a motion for downward departure that argued that his criminal history category overstated the seriousness of his prior record. Tice and the government also filed sentencing memoranda. On September 20, 2007, Tice filed a memorandum of law regarding the Presentence Report's ("PSR's") use of a cross-reference to Langdon's murder in calculating his offense level.

On September 28, 2007, the district court held a sentencing hearing. At the hearing, Tice objected to the PSR's references to the murder of Langdon and a cross-reference to Section 2D1.1(d)(1) that increased his offense level based upon that killing. The district court struck paragraph 43 of the PSR, which contained the cross-reference, and directed the probation staff not to apply the cross reference in their Guidelines determination. The district court further struck from the PSR references to Langdon's murder contained in paragraph 35. The court did not, however, strike the references made in paragraphs 32 and 33 to statements from a confidential informant about the Langdon murder. Both parties then acknowledged that the district court was not making a finding that Tice played a role in the Langdon murder and that the murder would not affect the Guidelines range under the Rule 11 Plea Agreement. The government also acknowledged that Tice retained the right to appellate review of the court's decision to keep paragraphs 32 and 33 in the PSR.

The district court sentenced Tice to 300 months' imprisonment.[1] The district court entered judgment on October 23, 2007.

---

[1]Tice made no objection to the adequacy of the district court's sentencing rationale at the time of sentencing.

Tice timely appealed the district court's judgment on November 2, 2007. On September 16, 2008, four days after Tice filed his opening brief with this Court, the government filed a motion to dismiss the appeal based upon the appellate waiver. Defendant-appellant Tice filed an opposition on November 11, 2008. On January 26, 2009, the motion to dismiss was referred to the merits panel for consideration.

## II.

The question of whether a defendant waived the right to appeal his sentence in a valid plea agreement is reviewed *de novo*. *United States v. Jones*, 569 F.3d 569, 571-72 (6th Cir. 2009) (citing *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005)). "[P]lea agreements are to be interpreted strictly, with ambiguities construed against the government." *United States v. Caruthers*, 458 F.3d 459, 470 (6th Cir. 2006).

The government argues that Tice's appeal should be dismissed in its entirety because Tice waived his right to appeal in the parties' plea agreement. The plea agreement provided that Tice waived the right to appeal his conviction if the sentence imposed did not exceed the maximum of 300 months provided in part three of the agreement. Tice expressly retained the right, however, to "directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing." Because the issues Tice raises on appeal are affected differently by the language of the waiver, we consider each separately.

1. *Tice's Claim that the District Court Failed to Give an Adequate Explanation for its Sentence*

Tice implicitly concedes that his first claim regarding the district court's purported failure to give an adequate explanation for its sentence is covered within the scope of the appellate waiver.

Indeed, Tice's first claim is not within scope of the waiver's exception because he did not object to or raise the issue of the adequacy of the district court's explanation at the time of sentencing. Rather, Tice proposes that because he raises a claim of plain error, his appeal should not be barred by the waiver.

To accept Tice's argument, however, would erode the well-established practice of enforcing waivers of rights included in plea agreements. *See United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006) ("It is well-established that any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily."). Waivers would be illusory if defendants could escape them through a claim of plain error, as this would eliminate the distinction between waived and forfeited rights. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of known right.'" (citation omitted)). Because Tice's first claim falls within the appellate waiver contained in the plea agreement, there is no "error" to review. *See id.*

> 2. *Tice's Claim that the District Court Failed to Strike All References to the Murder of Brian Langdon from the Presentence Report*

Although it appears that the appellate waiver bars Tice's appeal of this issue because it did not amount to an adverse determination of a disputed Guidelines issue and because the district court did not rely on Langdon's murder in determining Tice's sentence, the government expressly conceded that Tice did not waive his right to appeal this specific issue:

> Mr. Cassar:  I also believe that Mr. Hluchaniuk [government counsel] would stipulate that we don't give away that objection to the

| | inclusion of those murder references or paragraphs discussing the murder of Brian Langden [sic], is that correct? |
|---|---|
| The Court: | So the defendant would retain the right to appellate review of the court's decision to include those particular paragraphs in the report. |
| Mr. Cassar: | Stated more clearly by the court; thank you, your Honor.  Yes. |
| The Court: | I would like the government to acknowledge that. |
| Mr. Hluchaniuk: | I would acknowledge that, your Honor. |

(DE 466, Sent. Tr. at 11.)

Because the government expressly stated that Tice did not waive appellate review of this specific issue, it would be inappropriate to bar review on the basis of waiver.  *See Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) (citing with approval, in *dicta*, *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir. 1995), for the proposition that "[g]iven the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object . . . the district court's oral pronouncement controls and the plea agreement waiver is not enforceable").  Here, Tice sought to clarify the scope of his appellate rights with the district court, and the government conceded that the waiver did not bar appellate review of this specific issue.  Given the unanimous agreement at sentencing that Tice did not waive his appellate rights with respect to this issue, we will review the merits of this claim.

3.   *Tice's Claim that his Sentence was Substantively Unreasonable Because his Criminal History Category of IV Substantially Overstated his Criminal Record*

Tice's claim that it was substantively unreasonable to sentence him at the high end of the

Guidelines range stipulated in the plea agreement because his criminal history category substantially overstated his criminal record arguably falls within the appellate waiver's exception as a "disputed guideline issue." Tice moved for a downward departure based on his criminal history argument prior to sentencing and renewed his request for a downward departure or variance on that basis at the sentencing hearing. The district court's adverse determination on the variance request impacted whether it chose to sentence within the Guidelines range stipulated in the plea agreement. Tice's claim on appeal that his sentence is substantively unreasonable because it was grounded upon an overstated criminal history category arguably incorporates this same disputed guideline issue.[2] Because plea agreements are to be interpreted strictly with all ambiguities construed against the government, *Caruthers*, 458 F.3d at 470, Tice did not waive appellate review of this issue in the plea agreement.

## III.

This Court reviews "'a district court's legal conclusions regarding the Sentencing Guidelines *de novo*' and 'a district court's factual findings in applying the Sentencing Guidelines for clear error.'" *United States v. Kaminski*, 501 F.3d 655, 665 (6th Cir. 2007) (citation omitted). "Generally, a remand will be warranted when the district court committed an error in computing the Guidelines' recommended sentencing range," but "will not be required, and an error deemed harmless . . . when '[the court is] certain that . . . any such error 'did not affect the district court's selection of the sentence imposed.'"" *United States v. Anderson*, 526 F.3d 319, 323-24 (6th Cir. 2008) (citations

---

[2]The contrary argument of course is that Tice has framed the argument on appeal so that it does not challenge the application of the stipulated Guideline range.

omitted); *see also United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005); Fed. R. Crim. P. 52(a) ("[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded"). "A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997). Furthermore, while this Court has "made it clear on several occasions that the district courts must be in 'literal compliance' with the requirements of Rule 32 . . . we review violations for harmless error." *United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009).

Tice argues that the district court erred in including the disputed paragraphs in the PSR and ran afoul of Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to expressly indicate that it would not rely on the disputed paragraphs, thereby rendering his sentence procedurally unreasonable. Rule 32 requires the district court, "for any disputed portion of the presentence report[,] . . . [to] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

There is nothing in the record, however, that demonstrates that the confidential informant's statements about the killing of Brandon Langdon impacted the Guidelines calculation or the district court's sentencing determination. At the sentencing hearing, Tice's counsel acknowledged this: "I understand the court's position – you're not making a finding that Mr. Tice played any role in the murder and that it wouldn't affect, under the Rule 11 Plea Agreement, the sentencing guidelines." (R. 466, Sent. Tr. at 10.) Tice's counsel went on to state that the concerns underlying his continuing

objection "were simply that it may affect [Tice's] placement with Federal Corrections Department." (R. 466, Sent. Tr. at 10.)  Because Tice does not point to any evidence in the record that the district court relied upon the references to the Langdon murder, any purported errors in including the informant's statements in the PSR or in failing to properly rule on the issue are harmless.[3]  *See United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

IV.

Appellate review of sentencing decisions is limited to determining whether they are reasonable, based upon an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  The appellate court must first "ensure that the district court committed no significant procedural error," and then "consider the substantive reasonableness of the sentence imposed." *Id.* at 51.  Where the sentence falls within the Guidelines range, a presumption of reasonableness applies. *Vonner*, 516 F.3d at 389.

Tice argues that the court should vacate the sentence imposed by the district court because the criminal history category used in the calculation of his Guidelines range overstated his criminal record.  Because of this overstatement, he says that the district court should have sentenced him at the low end of the stipulated Guidelines range rather than the high end.

Tice focuses on an argument that his prior convictions dated too far back and constituted mere petty transgressions.  But Tice admits that those prior convictions were used in the criminal

---

[3]In any event, the district court did rule on this contested matter by declining to strike the disputed paragraphs and not considering them in its sentencing determination.  *See United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (*en banc*) (concluding that "Rule 32(i)(3)(B) says that the court 'must . . . rule' on [such] arguments, not that the court must give a lengthy explanation for its ruling").

history calculation because he expressly stipulated in the plea agreement that his relevant conduct in the drug conspiracy dated back to 1995. The district court did not abuse its discretion in relying upon a stipulated criminal history category based upon a stipulated relevant conduct time frame to fashion a sentence. *See, e.g.*, *United States v. Quinn*, 306 F. App'x 989, 993 (6th Cir. 2009) (describing the district court's reliance on a stipulated intended loss amount to calculate Guidelines range as proper). Furthermore, because Tice's sentence of 300 months falls within the properly calculated Guidelines range, it is afforded a presumption of reasonableness. *United States v. Carter*, 510 F.3d 593, 601 (6th Cir. 2007); *see also Vonner*, 516 F.3d at 389. Tice presents no arguments or evidence capable of overcoming such a presumption.

The government suggests that Tice seeks to appeal the denial of his motion for downward departure. While we do not read Tice's argument in this way, we would have no jurisdiction over such an appeal. *United States v. Puckett*, 422 F.3d 340, 344-46 (6th Cir. 2005).

V.

For the foregoing reasons, we affirm the sentence imposed by the district court.

MERRITT, Circuit Judge, concurring.  Despite the government's seeming concession that extraneous references to a murder that had no effect on the sentence are not within the waiver of appeal, I believe they are within the waiver because, as our court itself says, the references "did not amount to an adverse determination."  We need not defer to the government about our jurisdiction to hear sentencing appeals.  It is no less capable of mistakes than any other party.