**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0276n.06

No. 08-1459

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 28, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| ADAM TROY WOODS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |
| _____ | ) | |

**Before: McKEAGUE and WHITE, Circuit Judges; ZOUHARY, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Adam Troy Woods (Woods) was indicted on one count of distribution of child pornography and aiding and abetting the distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), and 2(a), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B). Woods entered into a plea agreement with the Government, agreeing to plead guilty to one count of possession of child pornography (Count II) in exchange for the dismissal of the remaining distribution count. The plea agreement stipulated that Woods's U.S. Sentencing Guidelines range was 108 to 120 months, and that if his sentence fell within this range he would waive any right to appeal his conviction, but would retain the right to appeal the district court's adverse determination of any disputed Guidelines

---

[*]The Honorable Jack Zouhary, United States District Court for the Northern District of Ohio, sitting by designation.

issue that was raised at or before the sentencing hearing. Woods challenges the reasonableness of his 110-month sentence, principally arguing that the district court failed to consider disparities between state and federal child-pornography sentences. The Government moves to dismiss the appeal. We **DENY** the motion to dismiss, and **AFFIRM**.

## I.

On September 21, 2006, Joe Guerra (Guerra), a detective with the El Paso, Texas, Police Department, Crimes Against Children Division, logged onto the Internet and Shareaza peer-to-peer file-sharing software in the process of conducting an investigation into individuals possessing and distributing child pornography. Guerra "conducted searches for images of child pornography by using the keyword 'kdquality[,]' which is part of file names of known child pornographic files traded/shared on the network." As a result of this search, Guerra found a number of files containing the term "kdquality" in their titles.

Guerra connected to another computer and found approximately 250 files available for sharing. He then downloaded two image files that depicted child pornography and captured screen shots of these shared and transferred files. Using WHOIS, an online database containing records revealing the owners of certain Internet Protocol (IP) addresses, Guerra determined that the IP address of this computer belonged to USLEC Corp. Through a grand-jury subpoena, Guerra learned that on the date and time he downloaded the files described above, this IP address was assigned to Internet Service Provider (ISP) United Online, and the relevant customer was Adam Woods. The account included a telephone number, and a database search of this telephone number revealed that it was assigned to Adam T. Woods of Bay City, Michigan.

On February 2, 2007, several FBI and U.S. Secret Service agents, along with Bay City police officers, searched Woods's residence pursuant to a search warrant. The search uncovered small amounts of marijuana and marijuana residue, two computers (only one of which had internet access), and several electronic information storage devices. Child-pornographic images, including the two images previously obtained by Guerra, were located on the hard drive of the computer that had access to the Internet. On February 15, 2007, a forensic examiner examined the hard drive and found 349 images of possible child pornography, three images of child torture/bondage, twenty-nine images of known child pornography, and seven movie files of suspected child pornography.

Woods was indicted on April 18, 2007 and entered into a plea agreement with the Government. On October 18, 2007, the district court found that Woods had tendered a voluntary and intelligent plea to the court, and accepted the plea agreement. Woods was sentenced to 110 months' imprisonment on March 4, 2008 and timely appealed. On September 22, 2009, the Government filed a motion to dismiss Woods's appeal based on his Rule 11 appeal waiver, which Woods opposed. The motion was referred to this panel.

## II.

### A.

As a threshold matter, the Government argues that Woods's appeal should be dismissed based on the appellate waiver in the plea agreement. We review de novo the question whether a defendant waived his right to appeal his sentence in a valid plea agreement. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). "[P]lea agreements are to be interpreted strictly, with ambiguities construed against the government." *United States v. Caruthers*, 458 F.3d 459, 470 (6th Cir.), *cert. denied*, 549 U.S. 1088 (2006). "It is well settled that a defendant in a criminal case may

3

waive his right to appeal his sentence in a valid plea agreement." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). When a defendant waives this right, this court "is bound by that agreement and will not review the sentence except in limited circumstances." *Smith*, 344 F.3d at 483 (citations omitted). Woods does not dispute that he knowingly and voluntarily entered into a plea agreement with the Government.

The plea agreement is less than clear. On the one hand, the parties appear to be locked-in to a Guidelines range of 108-120 months, with exceptions not relevant here. In this regard, the plea agreement provides:

> **2. SENTENCING GUIDELINES**
> **B. Agreed Guideline Range**
> There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 108 to 120 months, as set forth on the attached worksheets. If the Court finds:
>
> > a) that defendant's criminal history category is higher than reflected on the attached worksheets, or
> > b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,
>
> and if any such finding results in a guideline range higher than 108 to 120 months, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.
>
> Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

**3. SENTENCE**
**A. Imprisonment**
Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case shall not be less than 108 months and shall not exceed the top of the sentencing guidelines range as determined by Paragraph 2B.

On the other hand, the plea agreement also provides:

**7. RIGHT TO APPEAL**
If the sentence imposed falls within the guideline range recommended by defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction. Defendant retains his right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable.

Thus, the plea agreement is somewhat ambiguous regarding the scope of Woods's appellate rights. Paragraphs 2 and 3 appear to preclude any challenge to the agreed-upon Guidelines range, while paragraph 7 seems to contemplate that Woods is free to raise Guidelines issues at sentencing. At Woods's sentencing hearing, Woods's attorney asked the district court to take into consideration the disparities between state and federal child-pornography sentences.[2] It is unclear whether this was

---

[2] At sentencing, Woods's attorney addressed some issues he felt were not adequately taken into consideration in the presentence report (to which he raised no objections). After discussing Woods's characteristics, counsel said:

Finally, your Honor, I'll confess to you I've been in front of you a lot more in the state court than I have in the federal system, and Mr. Woods was originally charged in the state system. We went through a prelim which started the whole process before we ended up in Federal Court, and I just think it's worth noting, at least for the record, you know, in the state system Mr. Woods, if he would have pled guilty as charged to all of these charges, he faces [sic] a guideline range of zero to six or zero to 11 months, depending on how ambitious [sic] we score it. I only say that because the federal system and the state system have extreme disparities.

I can't help but at least mention maybe neither system has it perfectly right. Maybe the state system is too lenient on the Adam Woods [sic] of society. Maybe the

5

an argument in favor of a variance or departure, or simply a request to sentence Woods at the bottom of the Guidelines range. In any event, the Government did not object to the argument, and merely asked that the district court sentence Woods within the Guidelines range. The district court did not specifically address the disparity argument.[3] If construed as a request to depart or vary, the argument was rejected. If construed as a request to sentence at the bottom of the Guidelines range, it was effectively accepted. Given the plea agreement's lack of clarity regarding the scope of the appellate

---

federal system is too hard. I don't know. And I'm not a legislator and I'm not one that gets to make those decisions. But I can't help but think that, you know, probably it's somewhere in the middle.

The court certainly is very aware that, you know, his sentencing for this crime in the state system, just reading yesterday's paper shows me, this crime as punished by Judge Borchard in Saginaw is distinctly different than what we're standing here facing.

I just, your Honor, I'm asking you to take those things into consideration. I'm asking you to take into consideration everything that Mr. Woods has done and has continued to do, knowing that he was going to stand in front of you with a guideline range of 108 to [120]. Your Honor, I ask you to certainly use your discretion and sentence Mr. Woods as you feel fair.

[3]After the parties presented their arguments, the district court stated:

As both defense counsel and the defendant have acknowledged, and I think the government has pointed out, while we don't know the names of the victims, we know there are victims. As Ms. Abrams pointed out, they've been able to identify a number of the folks that were included in the extraordinary number of images that had been traded in this circumstance that were available on the gentleman's computer.

We have, independent of the guidelines, given careful consideration to each of the factors that we are to give consideration to under Title 18 United States Code Section 3553 A.

The court hereby commits the defendant to the custody of the United States Bureau of Prisons for a term of 110 months.

6

waiver, we will address Woods's argument on the merits. *See United States v. Jones*, 569 F.3d 569, 572-73 (6th Cir. 2009) (declining to hold that the defendant waived his right to appeal his sentence when the appellate waiver in the plea agreement was ambiguous due to a discrepancy regarding the meaning of "guideline range"); *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (holding that the defendant did not waive his right to appeal when the plea agreement was "ambiguous as to the amount and manner of determining restitution").

**B.**

Woods argues that the district court "placed improper emphasis on the Guidelines scoring in the instant case and failed to properly analyze all of the relevant factors that would support a downward departure. . . ." Further, he contends that "trial counsel did not provide a sentencing memorandum which would have elucidated these considerations for the Court, and only argued in passing the disparity between the state court and federal treatment of child pornography with no reference whatsoever to the trial court's sister court's decision in *United States v. Boyden*[4] . . . ." The Government claims that Woods's sentence is both substantively and procedurally reasonable.

We review sentences for reasonableness. *United States v. Holcomb*, 625 F.3d 287, 291 (6th Cir. 2010); *see also Gall v. United States*, 552 U.S. 38, 46 (2007). Reasonableness is determined "using the abuse-of-discretion standard of review." *United States v. Webb*, 616 F.3d 605, 609 (6th

---

[4]Woods relies significantly on this decision. However, it is an unpublished case from the United States District Court for the Eastern District of Michigan and the defendant involved in the case had a significantly lower applicable Guidelines range than Woods, as well as a plea agreement that apparently did not require the district court to sentence the defendant within this range. *See United States v. Boyden*, No. 06-20243, 2007 WL 1725402, at *3 (E.D. Mich. June 14, 2007). As a result, *Boyden* is not particularly enlightening.

Cir. 2010) (citations omitted). "Review for reasonableness has both procedural and substantive components." *Id.* (citation omitted).

When reviewing a sentence for procedural reasonableness, we look at three factors: whether the district court "(1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen. . . ." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). To determine if the district court properly calculated the applicable Guidelines range, we review the district court's findings of fact under the clear-error standard and its legal conclusions regarding application of the Guidelines de novo. *Id.* at 579. "Although the district court need not explicitly reference each of the § 3553(a) factors, there must be sufficient evidence in the record to affirmatively demonstrate that the court gave each of them consideration." *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (citation omitted).

A sentencing explanation is adequate if it allows for meaningful appellate review, *Gall*, 552 U.S. at 50, which is accomplished by setting forth enough of a statement of reasons to satisfy the appellate court that the sentencing court had considered the parties' arguments and had a reasoned basis for choosing the sentence imposed, *Rita v. United States*, 551 U.S. 338, 356 (2007). The "sentencing [court] is not required to explicitly address every mitigating argument that a defendant makes, particularly when those arguments are raised only in passing." *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). Indeed, the Supreme Court has made clear that "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances" that are left "to the judge's own professional judgment." *Rita*, 551 U.S. at 356.

Sentencing arguments raised for the first time on appeal are reviewed for plain-error if the district court asked "the parties whether they ha[d] any objections to the sentence just pronounced that ha[d] not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). But this rule does not apply to an argument that a sentence is substantively unreasonable unless the argument is one "for leniency that the defendant d[id] not present to the trial court." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011) (citations omitted).

"A properly calculated advisory guidelines range represents a starting point for substantive-reasonableness review because it is one of the § 3553(a) factors and because the guidelines purport to take into consideration most, if not all, of the other § 3553(a) factors." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citations omitted). A sentence may be deemed substantively unreasonable "when the district court select[ed] a sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider relevant sentencing factors, or g[ave] an unreasonable amount of weight to any pertinent factor." *Webb*, 616 F.3d at 610 (citation and internal quotation marks omitted).

Woods first argues that the district court failed "to provide enough information for a reviewing court to determine what analysis went into the proportionality of a sentence that is approximately 3300 times the sentence for the even more egregious conduct in *Boyden*." After pronouncing the sentence in this case, the district court asked the parties whether they had "any objection[s] or questions about the terms of the sentence." Woods's counsel replied, "No, your Honor." Due to the failure to object after the imposition of his sentence, and pursuant to the plea agreement, Woods has waived the right to challenge the adequacy of the district court's sentencing explanation. *See United States v. Tice*, 366 F. App'x 569, 571 (6th Cir. 2010).

9

Woods next argues that the nature of the crime prevented him from receiving a one-point reduction for acceptance of responsibility, that sentences for child pornography are disproportionate to sentences for actual criminal sexual conduct, and that the district court did not adequately assess Woods's potential for recidivism. Because none of these issues were raised at sentencing, their consideration on appeal is foreclosed by the plea agreement. Relatedly, Woods claims that his trial counsel "failed to produce a sentencing memorandum," and therefore Woods "should be accorded a new sentencing hearing to present . . . testimony regarding his threat level to society and the effect of long-term imprisonment compared to intensive treatment." However, this claim is premised on alleged ineffective assistance of counsel and thus should be pursued in a post-conviction proceeding under 28 U.S.C. § 2255.[5] *See United States v. Gonzales*, 501 F.3d 630, 644 (6th Cir. 2007).

Finally, Woods argues that the district court's sentence was unreasonable because it failed to consider existing disparities between state and federal child-pornography sentences. Due to his failure to object following the imposition of his sentence, and pursuant to the terms of the plea agreement, Woods has waived the right to challenge the district court's failure to specifically address this argument. However, Woods's request that the district court consider existing disparities between state and federal child-pornography sentences appears to be an argument for leniency that was presented to the district court, and therefore we examine the district court's failure to consider this claim under the abuse-of-discretion standard. *Brooks*, 628 F.3d at 796.

---

[5]Woods also contends that he should be "resentenced with a proper sentencing memorandum based on [the] consideration" of the extent of Woods's familial support. As noted above, this argument should not be considered on direct review. Moreover, Woods's trial counsel did state at sentencing that Woods's family was supportive of him. The district court was not obliged to address this statement particularly where, as here, it was made in passing. *Madden*, 515 F.3d at 611.

10

The agreed-upon Guidelines range for Woods's sentence was 108 to 120 months. Woods was sentenced to 110 months, which is well within (and on the low end) of the applicable Guidelines range. As a result, Woods's sentence is presumptively reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). The district court did not select the sentence arbitrarily, as it specifically based the sentence on the number of victims in the case, the number of child-pornographic photographs in Woods's possession, and the § 3553(a) factors. Further, we have specifically held that district courts cannot consider disparities between state and federal sentences. *United States v. Malone*, 503 F.3d 481, 486 (6th Cir. 2007).

On this record, we cannot say "that the district court's [108]-month sentence – a sentence in the bottom half of the [G]uidelines range – was unreasonably long. The district court . . . had an opportunity to hear from the defendant firsthand. It then 'considered the . . . factors listed in 18 [U.S.C. § ] 3553(a).' The record and the context of the sentencing hearing offer ample reasons for concluding that [Woods's] case was a 'typical' one and therefore deserving of a within-guidelines sentence," *Vonner*, 516 F.3d at 390 (citations omitted), and that the number of child-pornographic images on Woods's computer and the duration of his criminal conduct "outweighed his arguments in favor of leniency," *id*. Because Woods's sentence was procedurally and substantively reasonable, we **AFFIRM.**

11