NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0024n.06

**No. 09–1050**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| CHARLES LEE BRANDON, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**Before: GRIFFIN and WHITE, Circuit Judges; and WATSON, District Judge.**[*]

**MICHAEL H. WATSON, District Judge.** Defendant Charles Lee Brandon pleaded guilty to possession with intent to distribute five grams or more of cocaine base pursuant to a Rule 11 plea agreement. In December 2008, the district court sentenced Brandon to 262 months in prison. Brandon now appeals that sentence, arguing that applying the career offender enhancement provision yielded a sentence greater than necessary and that the district court abused its discretion in sentencing him to 262 months. Brandon's Rule 11 plea agreement, however, contained a valid appellate waiver precluding this appeal. Accordingly, we dismiss the appeal.

**I.**

On November 14, 2007, Brandon was indicted on five counts of distribution of cocaine base and one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C.

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

§ 841(a)(1). Pursuant to a Rule 11 plea agreement, Brandon pleaded guilty to Count Six of the

Indictment, possession with intent to distribute five grams or more of cocaine base. *See* Plea 1.

The factual basis for the guilty plea included that on or about August 14, 2007, Brandon

distributed approximately 9.24 grams of cocaine base to an undercover officer in Bay City,

Michigan, and that Brandon's relevant conduct involved at least 35 grams, but less than 50 grams,

of cocaine base. *Id.* at 2. The plea agreement stated also that "Defendant is a career criminal for

purposes of computing his advisory guideline range, having been twice convicted of delivery of less

than 50 grams of cocaine base in the 10th Judicial Circuit Court for the State of Michigan . . . ." *Id.*

The agreed guideline range in the plea agreement stated that "there are no sentencing guideline

disputes" and that Defendant's "guideline range is **262 to 327 months** . . . ." *Id.* at 3 (emphasis in

original). In addition, the plea agreement contained an "Appeal Waiver" which specified that:

> [i]f the sentence imposed falls within the guideline range in Paragraph 2B, above
> [262 to 327 months], defendant waives any right to appeal his conviction. Defendant
> retains his right to directly appeal the Court's adverse determination of any disputed
> guideline issue that was raised at or before the sentencing hearings.

*Id.* at 7. The plea agreement was signed and executed by all parties on September 15, 2008.

The district court held a change of plea hearing and Brandon entered a plea of guilty to

possession with intent to distribute five grams or more of cocaine base. During the hearing, the

Assistant United States Attorney outlined the terms of the plea agreement, including that:

> Defendant also acknowledges that he is a career criminal for purposes of computing
> his advisory guideline range . . . . The parties have agreed that the Defendant's
> sentencing guideline range is [2]62 . . . . The Defendant understands that the Court
> must impose a [sic] imprisonment of at least ten years . . . . Defendant waives his
> right to appeal . . . . If the sentence imposed falls within the guideline range in
> paragraph 2B, above, Defendant waives any right to appeal his conviction.

> Defendant retains his right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing.

Plea Hr'g 10–11. Then, the district court asked both defense counsel and Brandon if either had any corrections to make to or different understandings of the plea agreement than those presented in the summary. Neither did. *Id.* at 12. Additionally, the district court asked Brandon about his two prior drug-related convictions and Brandon agreed that indeed he did have two such convictions. *Id.* at 15. The district court then accepted his plea and scheduled the matter for sentencing. *Id.* at 16–17.

During the sentencing hearing, the district court examined the presentence investigation report's recommendation that Defendant qualified as a career offender because of his prior convictions. Sentencing Tr. 3. With the career offender enhancement, the district court agreed with the presentence investigation report's conclusion that the final offense level including a reduction for cooperation totaled 34 points. *Id.* Combined with a criminal history category VI, the district court found the "concluding guideline range reflected in the [presentence investigation] report is for a term of 262 to 327 months." *Id.* at 3–4.

> Defense counsel agreed in essence with the district court's finding, stating that:
>
> [t]he plea agreement as set forth in the presentence report indicates that there are no sentencing guideline disputes. The defendant's guideline range is 262 to 327 months as set forth in the worksheets.

*Id.* at 5–6. Defense counsel indicated that he had no objections to the calculation of the guidelines. Rather, he took the position that "the guidelines are only a factor to consider . . . [and] the application of the career offender [enhancement] . . . violates the provisions of 18 U.S.C. 3553(a) . . . ." *Id.* at 5. Defense counsel argued that despite the agreed guideline range being 262 to 327 months, the

district court should exercise its "discretion . . . inasmuch as the guidelines are advisory, to impose a sentence that is sufficient but [not] greater than necessary to punish" Brandon. *Id.* at 6. Opining that the application of the career offender enhancement was a violation of the 18 U.S.C. § 3553(a) factors and "shock[ed] the conscience," defense counsel argued that the "120 month mandatory minimum, which is greater than the guideline range that would apply but for the career offender, would be appropriate" as a sentence. *Id.* at 6–7. Defendant then addressed the district court himself and asked for the mandatory minimum sentence.

In rebuttal, the Government argued against Defendant's position, stating that to disregard Brandon's status as a career offender would be to violate the admonition set forth in 18 U.S.C. § 3553(a) to consider "[r]easonableness, protection of society, [and] deterrence . . . ." In addition, the Government argued, any analysis of the reasonableness of a sentence should be considered in light of Brandon's status as a career offender. The Government then put forth Brandon's history of contact with the criminal justice system, including assaults, domestic violence, and home invasion, and the multiple failed attempts at rehabilitation, and argued a sentence within the career offender enhanced guideline range was appropriate.

The district court stated its recognition of Brandon's guideline "range of 262 to 327 months." *Id.* at 14. The district court then addressed defense counsel's argument and stated it understood the "statistical difference, between what the guidelines would be without the guideline offender enhancement" and what the guidelines were in applying the career offender enhancement. *Id.* However, citing Defendant's "contacts with the criminal justice system throughout the period of years that he was a juvenile then re-commencing with his initial drug offense," the district court

4

found Defendant to be "virtually impervious to any kind of corrective effort that has been invested." *Id.* The district court noted Brandon's record, history, and repeated drug trafficking, specifically referencing Brandon's two prior drug trafficking offenses and noting that Defendant re-offended within three months of his release on parole.

When addressing the 18 U.S.C. § 3553(a) factors individually and in toto, and recognizing its discretion to depart, the district court found the aforementioned Defendant characteristics and offense characteristics presented no justification to warrant a departure and "no reason to vary as well." *Id.* at 13–15. The district court sentenced Defendant to 262 months incarceration to be served concurrently to his undischarged term of incarceration with the Michigan Department of Corrections. This timely appeal followed.

## II.

Brandon appeals his sentence at the low end of his properly calculated guideline range. However, because Brandon waived his right to appeal in his Rule 11 plea agreement, the Court declines to consider the issues raised and dismisses the appeal.

The Court considers de novo whether a criminal defendant waived his right to appeal his sentence in a valid plea agreement. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *Id.* (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). "When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in

limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (alteration in original) (internal quotation marks and citation omitted).

In *McGilvery*, for example, the defendant "agreed, pursuant to a plea agreement, to waive his right to appellate review if the district court imposed a sentence equal to or less than [24] months." *McGilvery*, 403 F.3d at 362–63. Determining that the district court had complied with its duty to "inform the defendant of, and determine that the defendant understands[,] the terms of any appellate-waiver provision in the plea agreement," the Court found "nothing in the record to suggest that . . . [the] defendant misunderstood the scope of his waiver of appellate rights." *Id.* at 363 (citing *United States v. Murdock*, 398 F.3d 491, 495–96, 499 (6th Cir. 2005)). Thus, the Court declined to review the merits of the defendant's claims. *Id.*

In an unpublished opinion interpreting virtually identical language of a plea agreement from the same district as in the instant case, the Eastern District of Michigan at Bay City, this Court found the plea agreement to be "somewhat ambiguous regarding the scope of [the defendant's] appellate rights." *United States v. Woods*, 421 F. App'x 554, 556 (6th Cir. 2011) (White, J.). In that case, the plea agreement stipulated that Woods' sentencing guideline range was 108 to 120 months, and that if his sentence fell within that range he would waive any right to appeal his conviction, but would retain the right to appeal the district court's adverse determination of any disputed Guidelines issue that was raised at or before the sentencing hearing. *Id.* Based on that language, the *Woods* Court determined the plea agreement lacked clarity regarding the scope of the appellate waiver. Specifically, the Court noted the language regarding the waiver of the right to appeal seemed to preclude any challenge to the agreed-upon guidelines range, while the language regarding the

retention of the right to appeal seemed to contemplate that the defendant was free to raise guidelines issues at sentencing. *Id.* Accordingly, the Court denied the motion to dismiss, but affirmed Woods' 110-month sentence on the merits as procedurally and substantively reasonable.

In this case, unlike *Woods*, any ambiguity regarding Brandon's "right to directly appeal the Court's adverse determination of any disputed guideline issue" is extinguished because Defendant did not raise a "disputed guideline issue" at his sentencing, and nor does he here. Indeed, the only arguments raised by defense counsel at the sentencing hearing were based on the 18 U.S.C. § 3553(a) statutory factors for purposes of persuading the district court to impose a lower sentence; notably, the plea agreement, the transcript of the plea hearing, and the transcript of the sentencing all reflect that Defendant did not object to—and actually stipulated to—the guideline calculation and guideline range of 262 to 327 months. Similarly, Defendant advances in this appeal only an 18 U.S.C. § 3553(a) statutory issue: that his sentence is unreasonable because the district court denied his argument that the application of the 18 U.S.C. § 3553(a) statutory factors required the imposition of sentence below the agreed guideline range. Taking issue with application of the statutory factors is not tantamount to an "adverse determination of any disputed guideline issue." Under such an expansive theory, any argument offered at sentencing and not accepted by the district court could classify as an adverse determination of a disputed guideline issue since the guidelines form the starting point of any sentencing analysis. *See, e.g., United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011) (citations omitted).

It is worth noting that the record reflects that Brandon's counsel offered no objection to the presentence investigation report or to the guideline range of 262 to 327 months based on Brandon's offense, criminal history, and career offender status. The record establishes the district court properly reviewed the plea agreement with Brandon, including the waiver of his appellate rights. *See McGilvery*, 403 F.3d at 363. The district court determined that Brandon was competent. It also established that he understood his rights, the nature of the charge, and the consequences of pleading guilty. Brandon indicated that his guilty plea was voluntary, and he acknowledged a sufficient factual basis for his plea. At all times, Brandon was represented by counsel, and he has not made any attempt to withdraw his plea. Brandon does not argue that his plea agreement is invalid, and instead "admits [in his response to the Government's motion to dismiss] that his agreed guideline range was 262 to 327 months pursuant to the Rule 11 Plea Agreement . . . and that '[i]f the sentence imposed falls within [that] range . . . [he] waives any right to appeal his conviction.'" Def.'s Resp. Mot. Dismiss 2. Defendant received the benefit of his bargain in the Rule 11 plea agreement—a sentence at the bottom of the stipulated guideline range.

There is no legitimate ground for challenging Brandon's conviction on direct appeal. In sum, the arguments raised by defense counsel at the sentencing hearing were based on the 18 U.S.C. § 3553(a) statutory factors for purposes of persuading the district court to impose a lower sentence. Accordingly, Brandon has waived the issue he advances in this appeal: that after consideration of the 18 U.S.C. § 3553(a) factors, a within guideline sentence is unreasonable. Because Brandon challenges only the district court's denial of a sentence below the agreed guideline range of 262 to

327 months based on the 18 U.S.C. § 3553(a) statutory factors—and not a disputed guideline issue—his appeal is precluded by his appellate waiver.

**III.**

Accordingly, we grant the Government's motion to dismiss the appeal and dismiss the appeal.[1]

---

[1]We note that were we to entertain Brandon's claim on the merits, we would reject it. The district court gave adequate consideration to Brandon's argument and sound reasons for rejecting it.

**HELENE N. WHITE, Circuit Judge** (concurring).  Although I find the waiver of appeal provision ambiguous, I agree with the majority's conclusion in footnote 1 that the sentence was procedurally and substantively reasonable.  I therefore concur.