*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 04a0385p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

LUIS PEREZ CALDERON (03-1453) and JOSE AMBREZ
ESTRADA (03-1583),

        *Defendants-Appellants.*

Nos. 03-1453/1583

>

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 02-90009—Marianne O. Battani, District Judge.

Argued: August 13, 2004

Decided and Filed: September 10, 2004[*]

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

—————————

**COUNSEL**

—————————

**ARGUED:** Suzanna Kostovski, Detroit, Michigan, James L. Feinberg, Detroit, Michigan, for Appellants. Carl D. Gilmer-Hill, UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Suzanna Kostovski, Detroit, Michigan, James L. Feinberg, Detroit, Michigan, for Appellants. Carl D. Gilmer-Hill, Kathryn A. McCarthy, UNITED STATES ATTORNEYS, Detroit, Michigan, for Appellee.

—————————

**OPINION**

—————————

    DAVID A. NELSON, Circuit Judge. The defendants in these consolidated criminal appeals seek to challenge the sentences imposed upon them by the district court. Each defendant, however, entered a plea agreement in which he waived his right to appellate review. We are not persuaded that the issues raised by the defendants fall outside the scope of those waivers, and the appeals will therefore be dismissed.

---

[*] This decision was originally issued as an "unpublished decision" filed on September 10, 2004. On October 26, 2004, the court designated the opinion as one recommended for full-text publication.

1

I

Luis Calderon, Jose Estrada, and three other men were indicted on charges of conspiring to possess or distribute, and actually possessing or distributing, a listed chemical (pseudoephedrine) with the knowledge that it would be used to manufacture a controlled substance (methamphetamine). Calderon and Estrada separately agreed to plead guilty to the conspiracy charge in exchange for dismissal of the substantive charge.

Mr. Calderon's plea agreement stated that he and the government had agreed on the appropriate sentence range under the United States Sentencing Guidelines and that, "in the absence of a later stipulation otherwise," neither party would seek a departure from the guidelines range (except that the government could request a downward departure for substantial assistance under U.S.S.G. § 5K1.1). The agreed-upon range was 240 months.

The agreement also contained a waiver of Mr. Calderon's appellate rights: "If the court imposes a sentence equal to or less than the [agreed-upon] maximum sentence . . . , defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines."

At the plea hearing, Mr. Calderon and the government stipulated that Calderon would be permitted to request a downward departure from the guidelines sentence range on the basis of "medical and/or psychological factors." Mr. Calderon subsequently moved for a downward departure, and the district court denied the motion. The court granted the government's §5K1.1 motion, however, and sentenced Calderon to 120 months of imprisonment.

Mr. Estrada's plea agreement likewise stated that he and the government had agreed on the appropriate sentence range. A hand-written modification, however, provided that Estrada reserved the right to seek a downward adjustment of his offense level on the ground that he was a minor participant in the conspiracy. The sentence range that was agreed upon (subject to Mr. Estrada's reservation of rights) was 168 to 210 months; the parties further agreed that Estrada's sentence should not exceed the midpoint of that range, 189 months. Mr. Estrada's agreement contained the same waiver of appellate rights that appeared in Mr. Calderon's agreement.

At sentencing, the district court determined that Mr. Estrada was not a minor participant in the conspiracy. The court then sentenced Estrada to 168 months of imprisonment, the low end of the guidelines range. Each defendant filed a timely appeal of his sentence.

II

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (internal quotation marks omitted). In the case at bar, we believe, each defendant waived the appeal rights sought to be asserted here. The appeals must therefore be dismissed.

The language of the defendants' waivers is clear and unlimited in scope: "defendant waives *any right* he may have to appeal his conviction or sentence" (emphasis added). The only condition placed upon the waivers – that the defendant not receive a sentence greater than the agreed-upon maximum – was satisfied. Indeed, each defendant was sentenced to a term of imprisonment substantially less than the maximum term to which he agreed.

Mr. Calderon contends that his waiver covers only those matters specifically addressed in the plea agreement, and that the stipulation allowing him to request a downward departure constitutes a separate "supplemental agreement." We are not persuaded by this argument. The stipulation, although stated orally on the record rather than written onto the plea agreement, was submitted at the plea hearing as an "addition"

to the agreement, not as a separate undertaking. The plea agreement, as we have seen, expressly contemplates such a stipulation. And while acknowledging that a departure might be sought pursuant to a "later stipulation," the agreement does not exclude the denial of a requested departure from the scope of its waiver provision. In these circumstances, we believe that the stipulation allowing Mr. Calderon to move for a downward departure was incorporated into his plea agreement, and that the issues raised in the subsequent motion (and now on appeal) are covered by Calderon's waiver of appellate rights.

Mr. Estrada argues that his reservation of the right to seek an adjustment of his offense level was intended to preserve his right to appellate review of that issue as well. There is nothing in Mr. Estrada's plea agreement, however, that manifests such an intent. Estrada's reservation of rights modified the section of the agreement on the sentencing guidelines worksheets, thereby allowing him to present his "minor participant" argument to the district court, but it left undisturbed the agreement's waiver provision. The waiver provision, to repeat, is unlimited in its scope.

Mr. Estrada points to a provision of the plea agreement reserving the parties' rights "to defend any of the court's rulings and findings with respect to any sentencing issue on appeal . . . , notwithstanding the other terms of this agreement." This provision is of no aid to Mr. Estrada, however, as he does not seek "to defend" the district court's rulings.

The defendants suggest that their reservations of rights implicitly amended the plea agreements' waiver provisions because the right to raise a sentencing issue before the district court is illusory absent the right to appeal an unfavorable disposition of that issue, particularly when the government has the right to appeal a disposition in the defendant's favor. We reject the premise underlying this suggestion. The right to raise an issue before the district court has value, it seems to us, even if it is not accompanied by a right to appeal. The value of the right is preserved, moreover, by the provisions in the plea agreements allowing the defendants to defend any favorable ruling on a sentencing issue. The right would have greater value if it were accompanied by a right to appeal, perhaps, but it does not follow from this that the defendants could not have bargained for the less valuable right. Accordingly, we do not think modification of the waiver provisions is implicit in the defendants' reservation of rights.

Finally, there is nothing in the record to suggest that either defendant misunderstood the scope of his waiver of appellate rights. As we have seen, the waiver provisions are clear and were not modified by the defendants' reservations of rights. Each defendant testified at his plea hearing that he had reviewed the plea agreement with counsel, that he understood all of the agreement's provisions, and that his guilty plea was not coerced. On the record before us, therefore, we can only conclude that each defendant entered his plea agreement – and accepted the waiver of appellate rights contained therein – knowingly and voluntarily. It follows that the waivers are valid. See *Fleming*, 239 F.3d at 764.

Because each defendant waived his right to appellate review of his sentence, these appeals are **DISMISSED**.