**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0814n.06
Filed: October 5, 2005

No. 04-3737

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| FRANCISCO PATINO, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before: DAUGHTREY, MOORE, and MCKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Francisco Patino ("Patino") alleges on appeal that the district court erred by: (1) denying his motion to dismiss the indictment based on alleged violations of the Speedy Trial Act; (2) sentencing him in violation of *United States v. Booker*, 125 S. Ct. 738 (2005); and (3) selecting an improper total offense level in determining the appropriate sentence under the federal sentencing guidelines. For the reasons set forth below, we conclude that in light of *Booker*, the district court plainly erred in sentencing Patino under the belief that the federal sentencing guidelines were mandatory. Therefore, we **VACATE** Patino's sentence and **REMAND** for resentencing. As to the other errors raised by the defendant, we **DISMISS** the appeal regarding the remaining claims as inconsistent with the appellate-review waiver in Patino's plea agreement.

## I. BACKGROUND

On February 6, 2002, Francisco Patino and three codefendants were indicted in the Northern District of Ohio on a fifteen-count indictment stemming from the illegal distribution of pseudoephedrine. On July 2, 2002, Patino was arrested in the Northern District of California based on the charges in the indictment. Patino was then transported to the Northern District of Ohio and arraigned there. On February 18, 2003, Patino filed a motion to dismiss the indictment based on alleged violations of the Speedy Trial Act. The district court denied this motion.

On April 14, 2003, Patino entered into a plea agreement with the government. Under the terms of the agreement, Patino agreed to plead guilty to Count One, conspiracy to manufacture and possess with intent to manufacture 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. In exchange the government agreed to dismiss the remaining charges against Patino. In the agreement both parties stipulated that the amount of methamphetamine attributable to the defendant "was fifteen kilograms or more of a mixture and substance containing a detectable amount of methamphetamine." Joint Appendix ("J.A.") at 180 (Plea Agreement at 4). The agreement also noted that both parties admitted that under the 2001 Guidelines Manual the appropriate base offense level was thirty-eight. Nonetheless, the agreement reserved the defendant's right to argue that the 2000 Guidelines Manual applied to the case and thus the appropriate base offense level would be thirty. The agreement also reserved the defendant's right to argue before the district court that the defendant should receive a two-level reduction pursuant to the safety-valve provision U.S.S.G. § 5C1.2 and a two-to-four level reduction for Patino's mitigating role in the criminal offense under U.S.S.G. § 3B1.2. Finally, the agreement contained a waiver provision which stated that:

Defendant acknowledges having been advised by counsel of his rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant expressly waives those rights except as reserved below. The defendant reserves the right to appeal the imposition of any sentence inconsistent with the provisions of this plea agreement. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

J.A. at 184 (Plea Agreement at 8).

At the sentencing hearing, the defense counsel objected to the determination in the presentence report that the 2001 Guidelines Manual applied. Moreover, the defense counsel also argued that: (1) the defendant should receive a downward departure; (2) the defendant should receive a two-level reduction pursuant the safety-valve provision in U.S.S.G. § 5C1.2; (3) the defendant should receive a reduction for his mitigating role in the offense under U.S.S.G. § 3B1.2. The district court concluded that the 2001 Guidelines Manual applied and thus the appropriate base offense level was thirty-eight. The district court then determined that the defendant was entitled to a two-level reduction for specific offense characteristics under U.S.S.G. § 2D1.1(b)(6), a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) -(b), and a two-level reduction pursuant to the safety-valve provision under U.S.S.G. § 5C1.2. Thus, the defendant's total offense level was thirty-one. The district court then concluded that the defendant's criminal history category was I. This placed the defendant in a sentencing range of 108 months' imprisonment to 135 months' imprisonment. The district court sentenced the defendant to 108 months' imprisonment and three years' supervised release.

## II. ANALYSIS

On appeal, Patino raises three basic claims: (1) that the district court erred by denying his motion to dismiss the indictment based on alleged violations of the Speedy Trial Act; (2) that the district court sentenced him in violation of *Booker*; and (3) that the district court selected an improper total offense level in determining the appropriate sentence under the federal sentencing guidelines. We will address each of these claims in turn.

### A. Speedy Trial Act

Patino argues that the district court erred in denying his motion to dismiss the indictment based on his claims that delays by the prosecution violated the Speedy Trial Act. Whether the district court erred in denying Patino's motion is immaterial, however, if Patino waived his right to appeal this decision based on the terms of his plea agreement. If the appellate-review waiver contained in Patino's plea agreement prevents Patino from challenging the district court's denial of Patino's motion to dismiss, then we may not address this claim. We review de novo the question of whether a defendant waived his right to appeal a district court's decision based on the terms of his plea agreement. *See United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005).

Patino agreed, pursuant to his plea agreement, to waive his right to appellate review of his conviction and sentence as to any claim not involving the district court's imposition of a sentence that was inconsistent with the plea agreement, ineffective assistance of counsel, or prosecutorial misconduct. The plea agreement's appellate-review-waiver provision thus operates as a general waiver with three narrowly drawn exceptions. Patino's Speedy Trial Act claim does not implicate any of these three exceptions.[1] We therefore must conclude that Patino's challenge to the district

---

[1]While Patino does not directly address the implications of the appellate-review waiver in his brief, he does suggest that oral argument is warranted in part because "[t]he instant case involves

4

court's denial of his motion to dismiss on Speedy Trial grounds is barred by the plea agreement's appellate-review-waiver provision. *See United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995) (holding that a defendant is not permitted to raise on appeal claims waived in a plea agreement); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (noting that "a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.") (internal quotation marks and citation omitted).

## B. Booker Claim

We may review Patino's Sixth Amendment claim based on *Booker* despite the fact that the Supreme Court did not issue its decision in *Booker* until after the district court sentenced Patino.[2] *See Booker*, 125 S. Ct. at 769 (noting that the case's holdings apply to all cases pending on direct review). As Patino failed to raise a *Booker* challenge to his sentence in district court, however, we can reverse only on a showing of "plain error" by the district court. *United States v. Oliver*, 397 F.3d 369, 375 (6th Cir. 2005).

---

serious constitutional questions regarding . . . whether [Patino was] afforded effective assistance of counsel." Appellant's Br. at 1. This allegation of ineffective assistance of counsel is thereafter not mentioned by the defendant elsewhere in his brief. We therefore do not consider this allegation as a valid means of circumventing the plea agreement's waiver provision. *See Spirko v. Mitchell,* 368 F.3d 603, 612 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1699 (2005) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (internal quotation marks and citation omitted). Moreover, nothing in the current record suggests that Patino's trial counsel provided ineffective assistance of counsel with respect to the claims raised on appeal. Normally we do not consider ineffective assistance of counsel on direct appeal because of the lack of adequate record; the appropriate vehicle for raising such claims is usually an application pursuant to 28 U.S.C. § 2255. *United States v. Jackson*, 181 F.3d 740, 747 (6th Cir. 1999).

[2]The appellate-review-waiver provision in Patino's plea agreement would seem to waive Patino's right to challenge his sentence based upon *Booker*. The government has forfeited its right to enforce this clause, however, by failing to raise the issue in its brief on appeal. *See Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998) ("[A]s with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion.").

In this case no Sixth Amendment violation occurred in light of the Supreme Court's decision in *Booker*. Patino was sentenced not based upon judge-found facts, but rather only upon facts to which he admitted in his plea agreement. *See United States v. Webb*, 403 F.3d 373, 381 (6th Cir. 2005) (no Sixth Amendment violation where the defendant admitted in his plea agreement the facts upon which sentencing was based). Therefore, no constitutional infirmities were created by the district court's reliance on these facts to enhance Patino's sentence. "The district court did err, however, in determining [Patino's] sentence based on the presumption that the Guidelines were mandatory." *Id.* Under our decision in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), in which we held that a remand for resentencing is appropriate now that the guidelines are advisory, we find that the plain-error test is met in this case. The district court sentenced Patino to 108 months' imprisonment, which was the lowest sentence possible in the appropriate guideline range. Additionally, while the district court did deny Patino's motion for a downward departure, the district court acknowledged that there was some disparity in the sentence Patino received in comparison to the sentences received by Patino's codefendants. J.A. at 268 (Sentencing Tr. at 38). These facts at least suggest that, "if the district court in this case had not been bound by the range prescribed in the Guidelines, [Patino] may have received a lower sentence." *Barnett*, 398 F.3d at 528. Finally, although the district court stated that it believed the defendant was being sentenced in the appropriate Guidelines range, we do not interpret this as "clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *Id.* at 529. In context, the district court's statement is ambiguous and could be interpreted to suggest only that the district court felt its calculation of the offense level and Guidelines range under the federal sentencing guidelines was accurate. We therefore vacate Patino's sentence and remand the case to the district court for resentencing consistent with *Booker*.

6

## C. Calculation of Offense Level

Patino's final claim of error is that the district court erroneously calculated his total offense level. Specifically Patino alleges that: (1) he ought to have received an additional reduction in his offense under U.S.S.G. § 3B1.2 for being a minor participant in the underlying offense; (2) the district court erred in denying Patino's motion for a downward departure; and (3) the 2000 Guidelines Manual rather than the 2001 Guidelines Manual ought to have applied.

The plea agreement which Patino entered into with the government permitted him to raise these challenges to the appropriate total offense level at sentencing before the district court. Thus, Patino's defense counsel properly raised each of these claims at sentencing. As discussed above, however, the waiver provision in the plea agreement bars Patino from raising on appeal any claims regarding the validity of his sentence, except in three limited circumstances: (1) where Patino received a sentence inconsistent with the terms of the plea agreement; (2) where Patino was denied effective assistance of counsel; or (3) where prosecutorial misconduct occurred. Like Patino's Speedy Trial Act claim, none of the sentencing errors raised by Patino regarding his total offense level implicated any of these limited exceptions to the appellate-review-waiver provision.[3] Therefore, while the plea agreement permitted Patino to raise these claims before the district court, it bars Patino from raising them before us on appeal. *See Calderon*, 388 F.3d at 200 (noting that a reservation of the right to raise an issue before the district court does not alter an otherwise valid appellate-review waiver in a plea agreement which encompasses that issue). We thus dismiss these claims as inconsistent with the plea agreement's appellate-review-waiver provision.

---

[3]As noted earlier, Patino's suggestion of ineffective assistance of counsel in his statement in support of oral argument is insufficient, without further elaboration in the brief, to circumvent the plea agreement's waiver.

### III. CONCLUSION

For the reasons discussed above, we **VACATE** Patino's sentence and **REMAND** for resentencing. As to the other errors raised by the defendant, we **DISMISS** the appeal regarding the remaining claims as inconsistent with the appellate-review waiver in Patino's plea agreement.