NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0222n.06

No. 10-6059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Feb 24, 2012**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GARY FLEMING, aka Charles Brown,

      Defendant-Appellant.

_____/

On Appeal from the United States
District Court for the Eastern
District of Tennessee

BEFORE:    MERRITT and COOK, Circuit Judges; and COX, District Judge.[*]

    COX, District Judge.

Pursuant to a plea agreement, Gary Fleming pleaded guilty to conspiring to distribute and possess with intent to distribute at least five grams of crack cocaine, in violation 21 U.S.C. §§ 846 and 841(b)(1)(B). The district court deemed Fleming to be a career offender under U.S.S.G. § 4B1.1 and sentenced Fleming to 188 months of imprisonment. Fleming appeals his sentence, arguing that the district court erred in finding that a previous conviction for facilitation of aggravated robbery is a "crime of violence" for the purposes of U.S.S.G. § 4B1.1.

The Government filed a motion to dismiss Fleming's appeal, asserting that Fleming waived his right to appeal pursuant to the terms of his plea agreement. Fleming, however, contends that his

---

[*]The Honorable Sean F. Cox, United States District Court Judge for the Eastern District of Michigan, sitting by designation.

appeal waiver was not knowingly and voluntarily made because of the ineffective assistance of his counsel. For the reasons set forth below, the government's motion to dismiss is **GRANTED**.

## I.

On September 23, 2008, a federal grand jury charged Fleming and a co-defendant, Aaron Shaw, with conspiring to distribute and possess with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One), and five additional drug and firearm related charges. On December 8, 2009, pursuant to a plea agreement, Fleming pleaded guilty to the conspiracy charge and the government agreed to drop the remaining five charges.

Fleming's plea agreement contains an appellate waiver provision, which reads:

> In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant agrees not to file a direct appeal of the defendant's convictions or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range as determined by the district court.

At the plea hearing before a magistrate judge, the district court asked Fleming if he understood the appellate waiver provision of his plea agreement:

> District Court: Mr. Fleming, do you understand that by entering into a plea of guilty, you'll have waived or, in other words, given up your right to appeal or collaterally attack all or part of the sentence imposed on you?
>
> Fleming: Yes.
>
> District Court: Do you understand that in the plea agreement you're waiving your right to file a direct appeal of the conviction and any sentence imposed unless the sentence is above the sentencing guideline range determined by the court?
>
> Fleming: Yes.

The magistrate judge subsequently found Fleming's plea to be knowingly and voluntarily made and accepted his guilty plea.

On March 16, 2010, the probation office issued a Presentence Investigation Report ("PSR") with regard to Fleming. The PSR disclosed that Fleming had prior convictions for aggravated burglary in 2001 and facilitation to commit aggravated robbery in 2002. As a result of these two previous convictions, the probation office deemed Fleming a career offender pursuant to U.S.S.G. §4B1.1(b). Fleming's career offender status enhanced his criminal history category from V to VI. The probation office calculated Fleming's total offense level to be 31, which contemplated a guideline range of 188 to 235 months of imprisonment.

The district court held a sentencing hearing on August 23, 2010. At the opening of the sentencing hearing, Fleming's counsel, Howell Clements, notified the court that he previously misled Fleming regarding his right to appeal after entering into a plea agreement. Mr. Clements stated:

> But I told [Fleming], I'm 100 percent sure of this, I told him if the judge is just dead wrong on career criminal you can appeal it, because the way I read it was if it's outside of – if the sentence imposed is above the sentencing guideline range as determined by the Court, the way I looked at it, if career criminal is wrong you could appeal it.
>
> * * *
>
> And some people think that maybe that's not right. But anyway, I told him that. There is no question I told him that. I'm admitting that to the Court. And I wouldn't feel – well, heck, I couldn't go to sleep at night unless I told the Court.

The district court then advised Fleming that it intended to sentence Fleming as a career offender and, based upon the information provided by Mr. Clements, offered the following option:

> Now based upon all of that, and based upon what you've told me, you haven't made this motion yet, but, I mean, if Mr. Fleming feels that it's in his best interest at this

point to, let's just be perfectly frank, to either . . . to talk with yet another attorney, I mean, that may be under the circumstances something we need to do. If he wants to, if in consultation with either you or another attorney, wants to move to withdraw his guilty plea, I mean, I don't know how I'll rule on any of those things, but those things haven't been raised yet.

The Court also offered to adjourn the sentencing hearing so that Fleming could decide whether to continue with Mr. Clements as his counsel. Mr. Clements notified the district court that, given the circumstances, he offered to withdraw as counsel for Fleming, but that Fleming did not want him to withdraw.

After a short recess, Mr. Clements stated, "Your Honor, Mr. Fleming and I and his mother, we have talked and we intend to go with the plea agreement." With that, the Court found that Fleming was a career offender, and sentenced him to 188 months of imprisonment – the minimum sentence within the guideline range.

## II.

### A.    Fleming's appeal waiver provision is enforceable.

On appeal, Fleming argues that the district court erred in sentencing Fleming as a career offender because his prior qualifying conviction for facilitation of aggravated robbery is not a "crime of violence" for purposes of U.S.S.G. § 4B1.1. In response to the government's motion to dismiss, and in his reply brief, Fleming also contends that his waiver of his appellate rights was not knowing and voluntary because it was the result of ineffective assistance of counsel.

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199

4

(6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). The Court

applies a *de novo* standard of review when determining whether a defendant has waived his right to

appeal his sentence. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

Fleming's plea agreement states that if his sentence falls within the sentencing guideline

range as determined by the district court, Fleming "agrees not to file a direct appeal of the

defendant's convictions or sentence." Fleming does not, however, dispute that the contents of the

plea agreement preclude him appealing his sentence if he knowingly and voluntarily entered into the

plea agreement. At the time Fleming executed the plea agreement, the guideline range had not yet

been determined. Fleming stated that he understood that the district court could not determine his

sentencing guideline range until after the probation office prepared the PSR. Furthermore, Fleming

acknowledged that "the sentence ultimately imposed by the court may be different from any estimate

of the sentence that Mr. Clements may have" given him and that if the sentence he received is more

than he expected, he would still be bound by the plea agreement. Understanding these terms,

Fleming proceeded with his guilty plea and the magistrate judge found Fleming's plea to be

knowledgeable and voluntary.

Fleming's initial argument on appeal does not attack the voluntariness of his plea agreement,

but rather, attacks the district court's determination that Fleming is a career offender. Pursuant to

the plea agreement, Fleming waived the right to appeal his sentence. Accordingly, we dismiss

Fleming's appeal based on a valid waiver of his right to appeal his conviction and sentence.

**B.      Fleming was not prejudiced by his counsel's advice.**

In his reply brief, Fleming attacks the voluntariness of his plea agreement, asserting that Mr. Clements rendered ineffective assistance when he advised Fleming that he could appeal his career offender status.   This additional argument is not raised in his opening brief.   Generally, "the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (quoting *United States v. Jerkins*, 871 F.2d 598, 602, n.3 (6th Cir. 1989)).   This argument can therefore be dismissed on procedural grounds.

In any event, we find that Fleming has not established cause for ineffective assistance of counsel.   In order for a defendant to establish that his counsel provided ineffective assistance, a defendant must prove that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691–92 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Fleming has made no such showing.   Rather, Fleming displayed the willingness to do the opposite.   The district court notified Fleming that the court intended to sentence him as a career offender and explicitly offered Fleming the opportunity to retain new counsel and file a motion to

withdraw his guilty plea. Fleming, however, rejected the court's offer, chose to retain Mr. Clements as counsel, and voluntarily proceeded with sentencing. Thus, regardless of the advice provided by his counsel, the record reflects that Fleming's intent was to continue with the plea agreement and proceed with sentencing. Mr. Clements's errors did not prejudice Fleming and Fleming has offered no evidence to the contrary.

## III.

For the reasons set forth above, the government's motion to dismiss is GRANTED.