NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0050n.06

Case No. 16-5772

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 20, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,       )
          )
    Plaintiff-Appellee,      )
          )    ON APPEAL FROM THE UNITED
v.          )    STATES DISTRICT COURT FOR
          )    THE MIDDLE DISTRICT OF
ANTHONY SHELTON,      )    TENNESSEE
          )
    Defendant-Appellant.    )
          )
_____/   )

Before: MERRITT, CLAY, and DONALD, Circuit Judges.

**MERRITT, Circuit Judge.** The defendant-appellant, Anthony Shelton, received a sentence of 151 months after pleading guilty to one count of possessing with intent to distribute more than 500 grams of cocaine and more than 280 grams of crack cocaine. Subsequently, the Sentencing Commission adopted Amendment 782 which had the effect of reducing the guideline range upon which the sentence was originally calculated from 151–188 months to 121–151 months. Shelton and the government entered into a plea agreement containing a waiver provision, however, that stated that Shelton "knowingly waive[d] his right to challenge [his] sentence . . . including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." The sentencing court accepted the plea agreement without a presentence investigative report.

After Shelton filed this appeal, this court decided *United States v. Bryant*, No. 16-5176, 2016 WL 5899177 (6th Cir. Oct. 11, 2016), a similar case containing the same waiver provision as we have here in which the defendant "knowingly waive[d] the right to challenge the agreed sentence in any collateral attack, including . . . a motion brought pursuant to . . . 18 U.S.C. § 3582(c)." *Id*. at *1. Thus, the *Bryant* case is directly on point. The court in *Bryant* said:

> *Waiver*. The district court lacked authority to grant Bryant's motion because he waived the right to challenge his sentence under § 3582(c) in the plea agreement. The agreement could not be clearer. It states that Bryant "knowingly waives the right to challenge th[e] agreed sentence in any collateral attack, including . . . a motion brought pursuant to . . . 18 U.S.C. § 3582(c)." This case begins, and arguably should end, there.

*Id*.

Because Shelton's plea agreement contained the exact same waiver language and because Shelton seeks the exact same relief as was sought in *Bryant*, we affirm the judgment of the district court's dismissal of Shelton's petition brought under 18 U.S.C. § 3582(c).