NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0347n.06

No. 16-6659

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jun 19, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| SCOTTIE LEE SANDERSON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: KEITH, BATCHELDER, and GRIFFIN, Circuit Judges.

PER CURIAM. Scottie Lee Sanderson appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). As set forth below, we affirm.

In 2010, a federal grand jury returned an indictment charging Sanderson with two counts of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 and four counts of possession with intent to distribute and distribution of marijuana in violation of 21 U.S.C. § 841(a)(1). Sanderson entered into a written plea agreement, agreeing to plead guilty to two of the marijuana counts in exchange for the dismissal of the other counts. In the plea agreement, the parties acknowledged that, if convicted of either firearm count, Sanderson would face a mandatory minimum sentence of 180 months and a maximum sentence of life because he qualified as an armed career criminal. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed upon a sentence of 60 months on each count, to run consecutively

for a total of 120 months of imprisonment. Sanderson waived his right to appeal or collaterally attack the agreed-upon sentence.

Using the drug guideline, USSG § 2D1.1, which resulted in a greater offense level than the career offender guideline, USSG § 4B1.1, the probation office calculated Sanderson's guidelines range as 41 to 51 months of imprisonment. At sentencing, the district court accepted the plea agreement and sentenced Sanderson to 60 months of imprisonment on each count, to run consecutively.

In 2016, Sanderson filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines, which amended USSG § 2D1.1's drug quantity table to reduce by two levels the base offense level for most drug offenses. The district court appointed counsel to represent Sanderson and ordered the probation office to prepare a revised presentence report. Applying Amendment 782, the probation office determined that Sanderson's offense level was now greater under the career offender guideline than under the drug guideline and that his revised guidelines range was therefore the career offender range—37 to 46 months of imprisonment. After briefing by the parties, the district court denied Sanderson's § 3582(c)(2) motion, concluding that he was not entitled to a sentence reduction because his sentence was based on the Rule 11(c)(1)(C) plea agreement and not on a guidelines range. This timely appeal followed.

The government contends that Sanderson waived his right to seek a sentence reduction under § 3582(c)(2) in the plea agreement in exchange for the government's concessions, including its agreement to dismiss four counts of the indictment, two of which carried a 15-year mandatory minimum sentence. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th

Cir. 2001)). In his plea agreement, Sanderson "knowingly waive[d] the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to . . . 18 U.S.C. § 3582(c)." Sanderson contends that the waiver is ambiguous for two reasons: (1) a § 3582(c) motion is not a collateral attack and (2) a waiver of a § 3582(c) motion does not necessarily preclude a motion for a sentence reduction under § 3582(c)(2). Rejecting these same arguments, this court has found identical waiver provisions to be unambiguous and enforceable in § 3582(c)(2) cases, albeit in unpublished decisions. *See United States v. Bryant*, 663 F. App'x 420, 422-23 (6th Cir. 2016); *see also United States v. Shelton*, __ F. App'x __, No. 16-5772, 2017 WL 244800, at *1 (6th Cir. Jan. 20, 2017); *United States v. Ellison*, 664 F. App'x 507, 509 (6th Cir. 2016).

Regardless of whether Sanderson waived his right to file a § 3582(c)(2) motion, the district court properly denied his motion for a sentence reduction. We review de novo the district court's determination that Sanderson was not eligible for a sentence reduction under § 3582(c)(2). *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). Under § 3582(c)(2), a district court may reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In her narrower and therefore controlling opinion in *Freeman v. United States*, 564 U.S. 522 (2011), Justice Sotomayor held that "the term of imprisonment imposed pursuant to [a Rule 11(c)(1)(C)] agreement is, for purposes of § 3582(c)(2), 'based on' the agreement itself." 564 U.S. at 536 (Sotomayor, J., concurring). A defendant sentenced pursuant to a Rule 11(c)(1)(C) agreement is eligible for a sentence reduction under § 3582(c)(2) only when the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that

range is subsequently lowered by the Commission." *Id*. at 539 (Sotomayor, J., concurring). Sanderson's Rule 11(c)(1)(C) agreement did not mention a guidelines range, offense level, or criminal history category in establishing the agreed-upon sentence. In fact, the plea agreement stated that "[t]he parties have no agreement as to a U.S.S.G. calculation." The district court properly concluded that Sanderson's sentence was not based on a guidelines range and that he was not entitled to a sentence reduction. *See United States v. McNeese*, 819 F.3d 922, 927-29 (6th Cir.), *cert. denied*, 137 S. Ct. 474 (2016); *United States v. Riley*, 726 F.3d 756, 760-61 (6th Cir. 2013).

Sanderson argues that Justice Sotomayor's concurring opinion in *Freeman* should not be read as controlling, citing *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc), and *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013). This court has repeatedly held that Justice Sotomayor's concurring opinion provides "the framework that governs the inquiry into whether a defendant sentenced pursuant to a Rule 11(c)(1)(C) agreement qualifies for § 3582(c)(2) relief." *McNeese*, 819 F.3d at 927; *see Riley*, 726 F.3d at 760; *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011). We are bound by that holding. *See United States v. Lanier*, 201 F.3d 842, 846 (6th Cir. 2000) ("It is firmly established that one panel of this court cannot overturn a decision of another panel; only the court sitting en banc can overturn such a decision.").

Accordingly, we **AFFIRM** the district court's order denying Sanderson's motion for a sentence reduction.