NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0413n.06

No. 21-1669

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 18, 2022

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TOMMIE LEE, JR.,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

---

Before: GIBBONS, GRIFFIN, and STRANCH, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Tommie Lee, Jr., was charged with conspiracy to possess with intent to distribute drugs, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Lee pleaded guilty pursuant to a plea agreement. As part of that agreement, Lee waived "any right he may have to appeal his conviction on any grounds." Nearly sixteen months after pleading guilty, but before sentencing, Lee moved to withdraw his plea. The district court denied the motion and imposed a 120-month sentence. Lee now appeals the denial of his motion to withdraw the guilty plea. Because he waived the right to appeal his conviction, we must dismiss his appeal.

"It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement,'" so long as that agreement is made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). When, as here, a defendant does not challenge the validity of the appeal

waiver, we employ de novo review to see if the claims presented on appeal fall within the scope of the waiver. *Id.* at 378. Because "an appeal of the denial of a motion to withdraw a guilty plea is an attack on the conviction subject to an appeal waiver provision," *id.* at 378–79, and because Lee challenges only the denial of his motion to withdraw his guilty plea, this appeal falls within the scope of his appellate waiver.

Accordingly, we dismiss the appeal.