NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0255n.06

No. 22-5290

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Jun 10, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| RANDY GRAYSON, | ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: KETHLEDGE, LARSEN, and BLOOMEKATZ, Circuit Judges.

KETHLEDGE, Circuit Judge. Randy Grayson pled guilty to possessing a firearm as a felon. The district court accepted a modified plea agreement and sentenced Grayson to a prison term of 120 months. Grayson appeals his sentence, and the government moves to dismiss the appeal as barred by an appeal waiver. We grant the government's motion and dismiss Grayson's appeal.

I.

In January 2017, Memphis police officers found Grayson asleep behind the wheel of a car with a .40 caliber pistol on his lap. Officers opened the door, removed the pistol, and roused Grayson without incident. Grayson had on his person $107 in cash and a plastic bag filled with seventeen smaller plastic bags that each contained marijuana. Later the government charged Grayson with (1) possessing with intent to distribute marijuana, (2) possessing a firearm in

furtherance of a drug-trafficking crime, and (3) possessing a firearm as a felon. 21 U.S.C. § 841(a)(1), 18 U.S.C. §§ 924(c), 922(g)(1).

In January 2020, Grayson pled guilty to Count 3—possessing a firearm as a felon—under a Rule 11(c)(1)(C) plea agreement. Fed. R. Crim. P. 11(c)(1)(C). Grayson and the government agreed to a sentence of 180 months, which would be his mandatory-minimum sentence if the court found that he had three or more prior qualifying convictions for purposes of the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e). The agreement also provided that, if the court rejected the plea agreement, Grayson could withdraw his guilty plea. In addition, the government agreed to dismiss Counts 1 and 2, and Grayson waived his right to appeal any sentence "within the applicable guideline range, or lower, whatever the guideline range might be." Grayson also waived any collateral attack on his conviction or sentence except for "claims relating to prosecutorial misconduct or ineffective assistance of counsel." At the plea hearing, the court conducted a standard Rule 11 colloquy regarding the plea and plea agreement—including the appeal waiver— and found that Grayson's guilty plea was knowing and voluntary. The court deferred acceptance of the plea agreement until sentencing.

Grayson absconded prior to sentencing and was not apprehended until December 2021. A probation officer thereafter prepared a revised presentence report to account for his failure to appear, to which the parties responded. But the parties' positions changed shortly before sentencing, when the Supreme Court decided *Wooden v. United States*, 595 U.S. 360, 362–63 (2022). Specifically, the government conceded that, in light of *Wooden*, Grayson was not subject to an enhanced ACCA sentence. As a result, everyone agreed that the court would necessarily reject the Rule 11(c)(1)(C) agreement.

At sentencing, in March 2022, the district court confirmed the government's concession, expressly rejected the Rule 11(c)(1)(C) agreement, and offered "everyone a chance to get out of the plea agreement." The prosecutor responded that, after detailed discussions with defense counsel, the government was ready to "go forward" with a plea agreement and the dismissal of Counts 1 and 2. The judge reiterated that it was rejecting the Rule 11(c)(1)(C) agreement, then asked whether "you both are ready to proceed on the other terms of the agreement"—meaning the plea agreement without the sentencing provisions that were invalidated by *Wooden*. The prosecutor answered, "Yes, Judge." Defense counsel did not answer verbally; but the court said "okay" and turned to Grayson and his counsel to proceed with sentencing under the orally modified plea agreement—which they proceeded to do without objection.

The court then turned to the PSR, and revised Grayson's offense level to remove the ACCA-related enhancement. The court also addressed a concern from Grayson about three of his criminal-history points; and the court added an upward adjustment because Grayson had possessed the firearm "in connection with another felony." U.S.S.G. § 2K2.1(b)(6)(B). The resulting offense level (30) and criminal-history category (VI) would have corresponded to a guidelines range of 168 to 210 months; but Grayson's statutory maximum of 120 months became his guideline sentence instead. U.S.S.G. § 5G1.1(a). The court then invited any other objections for the record; both parties said they had none. After further arguments and Grayson's allocution, the court addressed the relevant factors under 18 U.S.C. § 3553(a). The court finally decided to "accept the terms of the plea agreement," and asked if all of Grayson's arguments had been addressed. Defense counsel said they had.

The court then imposed the guideline sentence of 120 months for Count 3 and dismissed Counts 1 and 2. The court also advised that, under the plea agreement, Grayson had given up his

right to appeal unless his sentence was "something more than the guidelines" or if he asserted claims of prosecutorial misconduct or ineffective assistance of counsel. Then the court asked a final time whether either party thought there were any "mistakes," "problems," or "objections" to the sentence. Both the prosecutor and defense counsel answered, "No, Your Honor." This appeal followed.

## II.

Grayson now makes three arguments on appeal: namely, that the court erred in calculating the guidelines, that his sentence was procedurally and substantively unreasonable, and that his lawyer provided ineffective assistance with respect to those guideline calculations. But a defendant can waive his right to appeal his sentence in a valid plea agreement. *United States v. Presley*, 18 F.4th 899, 902 (6th Cir. 2021). And we generally enforce an appeal waiver if "the defendant knowingly and voluntarily agreed to the plea agreement and waiver" and his arguments on appeal fall within the waiver's scope. *United States v. Milliron*, 984 F.3d 1188, 1193 (6th Cir. 2021).

Grayson argues that he did not expressly agree to the modified plea agreement or to the appeal waiver specifically. But Grayson did not object to proceeding "on the other terms" of the plea agreement generally—or to the appeal waiver specifically, even when the district court specifically told him about it—despite having had multiple chances to do so. We therefore review for plain error the district court's decision to proceed with his sentencing based on the "other terms" of the plea agreement. *Presley*, 18 F.4th at 903; *see also United States v. Greer*, 593 U.S. 503, 508 (2021).

To show plain error, Grayson "must identify an (1) error (2) that was obvious or clear, (3) that affected his substantial rights." *Presley*, 18 F.4th at 904 (citation omitted). If Grayson

satisfies those three requirements, we may remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

We start with Rule 11 because it is the only authority Grayson cited in response to the government's motion to dismiss this appeal. Specifically, Rule 11(c)(3)(A) provides that, when "the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." If the court rejects that agreement, the court must "give the defendant an opportunity to withdraw the plea." Fed. R. Crim. P. 11(c)(5).

Grayson seems to argue that the district court impermissibly "bifurcated" or "resurrected" portions of the rejected Rule 11(c)(1)(C) plea agreement. True, a court may not accept a Rule 11(c)(1)(C) plea agreement and then rewrite or excise its terms. *See United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993). But that is not what happened here. Instead, the record clearly shows that the court rejected the Rule 11(c)(1)(C) agreement (as everyone agreed it was required to do) and that the parties then proceeded with Grayson's sentencing under the agreement's "other terms[.]" And the rejected plea agreement contained no provisions that would have precluded oral or written modification. *See United States v. Calderon*, 388 F.3d 197, 200–01 (6th Cir. 2004). Grayson points out that the court did not ask him on the record whether he wanted to withdraw his guilty plea. But he makes no claim of error in that regard—nor could he. Grayson knew he could withdraw his plea because the original plea agreement expressly said as much. And Grayson concedes in response to the motion to dismiss that he chose not to withdraw his plea (and indeed does not seek to do so now). Grayson's Rule 11(c)(1)(C) argument is without merit.

Grayson also argues that he never agreed to the modified plea agreement, *i.e.*, the plea agreement *sans* the terms invalidated by *Wooden*. Specifically, he argues that Grayson and his attorney "gave no response whatsoever" when the court asked if both parties were ready to proceed on the other terms of the plea agreement. True, neither Grayson nor his attorney verbally responded to that question. (The transcript suggests that his counsel might have responded nonverbally in the affirmative, but we set that to one side in our analysis here.) But neither did Grayson or his attorney disagree or object to proceeding in that way. To the contrary, they participated without objection under the plea agreement's "other terms" notwithstanding that the district court repeatedly invited objection on any ground. Nor did Grayson or his attorney object when the court expressly accepted the modified plea agreement, or when the court dismissed Counts 1 and 2, or when the court told Grayson that he had waived most of his appeal rights. Thus, by all appearances, Grayson's conduct at the hearing was that of a defendant who had agreed to proceed according to the plea agreement's "other terms"—including the appeal waiver. The district court did not plainly err in concluding that Grayson had so agreed.

That leaves the question whether Grayson's sentencing arguments in this appeal fall outside the scope of the agreement's appeal waiver. Grayson waived his right to appeal "any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be." Grayson's sentence undisputedly was within his guideline range. The sentencing arguments he raises here are therefore barred by the appeal waiver.

But the waiver "does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel." And Grayson claims that his lawyer performed deficiently with respect to the guideline calculations so that claim is not barred by the waiver. As a general rule, however,

defendants may not raise ineffective assistance of counsel claims on direct appeal unless "the parties have adequately developed the record." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Grayson made no attempt to develop the relevant record. Nor has he offered any reason to depart from the general rule. We therefore do not address that claim in this appeal.

\*  \*  \*

The government's motion is granted and the appeal is dismissed.