NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0090n.06

Case No. 24-3500

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Feb 13, 2025 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ANTONIO TAYLOR, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; MOORE and RITZ, Circuit Judges.

SUTTON, Chief Judge. Antonio Taylor pleaded guilty to possessing a firearm as a felon. He appeals his conviction and sentence. Because his challenges are waived or premature, we affirm.

In July 2021, police responded to a call that took them to a Cleveland apartment building. When they arrived, they saw Taylor handing money to another individual, then putting what looked like marijuana into a bag. The officers intervened. They asked Taylor to show them his hands. He refused and ran away with what looked like a bag of cocaine in his right hand. As he ran, a loaded handgun fell out of his hand or pocket. The officers used a taser to stop him. After that, they arrested him.

Taylor pleaded guilty to being a felon in possession of a firearm in accordance with a written plea agreement. The Guidelines recommended a sentence between 70 to 87 months. The district court sentenced him to 79 months. This appeal followed.

*Mental-health hearing.* Taylor claims that the district court erred by failing to order a mental-health hearing under 18 U.S.C. § 4244. The statute requires a district court to order a hearing "if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244(a). If the district court concludes that a defendant suffers "from a mental disease or defect," it may commit the defendant "to a suitable facility for care or treatment" in lieu of imprisonment. *Id.* § 4244(d).

Section 4244 becomes potentially relevant at sentencing. Before that, there are a few other ways a criminal defendant's mental health may bear on a criminal case. A court, to start, may have to address a defendant's sanity at the time of the commission of the offense. 18 U.S.C. § 4242 provides that a court must order a psychiatric or psychological examination if the defendant intends to rely on an insanity defense. The district court here ordered an exam under that provision, and adopted the evaluation's findings, which concluded that no mental condition impaired Taylor's ability to know right from wrong at the time of his offense. A court may also have to assess whether a defendant has the mental capacity to be tried. Under 18 U.S.C. § 4241(a), a district court must order a competency hearing if it has "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." In this instance, the court held such a hearing, and found that Taylor was competent to stand trial. In addition, a court may have to assess whether a

defendant has the capacity to knowingly and voluntarily enter into a plea agreement. Fed. R. Crim. P. 11(b); *Godinez v. Moran*, 509 U.S. 389, 400 (1993). In this instance, the court found, and Taylor agreed, that he could knowingly and voluntarily agree to plead guilty.

While the parties and court were clearly attentive to Taylor's mental-health issues up to and through the plea hearing, no one raised the possibility that he should receive care in a facility as opposed to receiving mental-health treatment in prison. The trouble for Taylor is that, through his plea agreement, he waived the right to appeal and the modest exceptions to that waiver do not apply. The exceptions cover a few types of challenges to his sentence (if it was above the Guidelines range or exceeded the statutory maximum), to the conduct of his counsel (if he was ineffective), and to the conduct of the government (if it engaged in misconduct). Taylor's challenge (whether the district court should have ordered a mental-health hearing at sentencing) does not fit into any of those boxes. *See United States v. Mosley*, 53 F.4th 947, 967 (6th Cir. 2022). Because we enforce knowing and voluntary waivers, *United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004), and because Taylor does not deny that his waiver was knowing and voluntary, we must reject this argument.

*Ineffective assistance.* Taylor claims, relatedly, that he received ineffective assistance of counsel when his attorney failed to request a mental-health hearing under 18 U.S.C. § 4244. Had he done so, Taylor claims, there is a good chance he would have received the hearing and might have been hospitalized rather than incarcerated.

Taylor, it is true, preserved the right to make this claim. But the claim nonetheless is premature. We ordinarily do not consider ineffective-assistance claims on direct review and instead insist that the defendant file a 28 U.S.C. § 2255 motion to obtain the requested relief. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In a direct appeal, it is the rare counsel who

has at his disposal a record with "evidence bearing on the merits" of the ineffective-assistance claim. *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quotation omitted). Until defendants develop such a record, we "have no way of knowing" the "reasons underlying" the alleged "error[] of omission." *Massaro*, 538 U.S. at 505.

We see no sound reason to deviate from that customary practice. No evidence shedding light on the ineffective-assistance claim, such as testimony by Taylor's former counsel about his decision-making and strategy or a full record about the extent of Taylor's mental-health challenges exists. *See United States v. Small*, 988 F.3d 241, 256 (6th Cir. 2021). Without more information on these topics, we would have to resort to guesswork, which is not fair to Taylor or his prior counsel.

Taylor responds that adequate information in the record exists. Evidence of his mental-health challenges and counsel's failure to request the hearing suffice, he tells us. But that evidence still leaves the record silent as to "whether [counsel's] actions reflected a reasoned trial strategy," *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006), and as to the precise nature of his condition at the relevant time. Taylor's claim is premature. That said, he remains free to bring this claim after his direct appeal ends through the customary vehicle: a § 2255 motion.

We affirm.